# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON
MOSCOW · FRANKFURT · COLOGNE · ROME · MILAN
HONG KONG · BEIJING · BUENOS AIRES · SÃO PAULO

Writer's Direct Dial: +1 212 225 2609
E-Mail: vhou@cgsh.com

[firm partner roster — illegible]

VIA FACSIMILE

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

October 21, 2011

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 28 2011 ★

LONG ISLAND OFFICE

Re: Houston v. Cotter, et al., CV 07-3256 (JFB) (WDW)

Dear Judge Bianco:

      We represent plaintiff Robert Houston in the above-referenced matter and respectfully submit this letter pursuant to the Court's individual rules to request a pre-motion conference in anticipation of Mr. Houston's Motion to Amend his pro se Complaint.

### Background

      On February 28, 2007, while incarcerated at the Suffolk County Jail, Mr. Houston filed in the County of Suffolk, Supreme Court, a Notice of Intention to File a Claim against the Suffolk County Correctional Facility, alleging that he had been assaulted by certain corrections officers. On July 26, 2007, Mr. Houston filed a Complaint with this Court, which was handwritten on a boilerplate form, against the named Defendants.[1] In the Complaint and in an attachment to a letter that he filed on August 8, 2007,[2] Mr. Houston explained the basis for his claims. Specifically,

---

[1] Complaint, Docket No. 1.
[2] Letter from Robert Houston to Pro Se Paralegal ("Letter"), Attachment 2, Aug. 8, 2007, Docket No. 3.

Honorable Joseph F. Bianco, p. 2

Mr. Houston alleged[3] that on January 10, 2007, Defendant Thomas Cotter threatened Mr. Houston' physical safety after Mr. Houston refused to follow Defendant Cotter's command to end a conversation that he was having with another inmate and effectively dared Houston to attend recreation the next day. The next day, while Mr. Houston was being strip searched on his return from recreation, Defendant Cotter, Defendant John Weiss, and others repeatedly punched Mr. Houston, knocking him to the ground, and kicked and stomped him while he lay on the floor.

Immediately after the attack, Mr. Houston was physically removed from his cell block and brought to a holding pen, where he was stripped naked, forced to wear a Velcro suicide gown, placed on "suicide watch," and then housed in the Behavior Management Health Unit—one of the most restrictive housing units at the jail. Mr. Houston, however, vehemently denied being suicidal, and the jail's mental health professionals repeatedly opined that Mr. Houston was not suicidal and should not be on suicide watch.[4] Nevertheless, Houston remained on suicide watch for almost two weeks, where he was under constant supervision, wearing nothing but the Velcro gown. As a result of the attack and this degrading treatment, Mr. Houston suffered significant physical, mental, and emotional injuries.[5]

### Basis for the Motion

Now that Mr. Houston has the aid of legal counsel and has conducted fact discovery, he anticipates submitting a motion pursuant to Federal Rule of Civil Procedure 15 ("Rule 15") to make the following amendments to the Complaint: (i) dismiss the claims against Defendants Arthur Thomas, Douglas Gubitosi, and Gerard Reynolds, (ii) elaborate the facts and properly plead the Eighth Amendment claim for excessive force against Defendants Cotter and Weiss, and (iii) add a claim against Suffolk County for implementing a policy or custom whereby corrections officers were able to place Mr. Houston on the restrictive and degrading suicide watch without any reasonable basis, over the contrary recommendations of mental health professionals, in violation of his Fourteenth Amendment due process rights. Mr. Houston believes that the proposed amendments will make his Complaint more precise and will serve the purposes of judicial economy by allowing him to seek relief for an injury that is integrally related to the assault.

While the decision to grant or deny leave to amend a pleading is within the sound discretion of the trial court, leave should be freely given in the absence of the factors identified in Foman v. Davis, 371 U.S. 178, 182 (1962): undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmovant, and futility of the proposed amendment. And, "[a] pro se plaintiff who brings a civil rights action should be 'fairly freely' afforded an opportunity to amend his complaint."[6]

Mr. Houston believes that after the Court considers the Rule 15 standard and the Foman factors, leave to amend should be granted. Although Mr. Houston filed the original

---

[3] Unless otherwise noted, Defendants dispute these allegations.
[4] Letter, Attachment 2, ¶¶ 10, 14.
[5] Complaint at 4; Letter Attachment 2, ¶¶ 6, 12, 14.
[6] Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984) (citation omitted).

Honorable Joseph F. Bianco, p. 3

complaint in 2007, delay alone is insufficient to deny leave to amend. Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 235 (2d Cir. 1995). Furthermore, Mr. Houston is acting promptly by seeking to add the Fourteenth Amendment claim at this juncture, given that it accrued on July 13, 2011, during the deposition of Dr. Thomas Troiano. Even though the statute of limitations for a § 1983 claim in New York is three years, "a cause of action against a municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a county 'policy or custom.'" Pinaud v. County of Suffolk, 52 F.3d 1139, 1157 (2d Cir. 1995). Accordingly, courts have held that Monell claims can accrue during depositions where an unconstitutional policy is discovered.[7]

In his Motion to Amend, Mr. Houston will also show that none of the other Foman factors are present: he is acting in good faith, as is evidenced by the dismissal of most individual defendants after further factual investigation; he has not sought leave to amend in the past; and Suffolk County will not be prejudiced by the addition of this claim, as the Suffolk County Attorney's Office represents the individual Defendants and has been on notice that Mr. Houston believed he was injured by his placement on suicide watch,[8] no trial date has been set, and little or no additional discovery will be necessary.

Furthermore, Mr. Houston will demonstrate that none of the proposed amendments are futile. He will plausibly plead that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by assaulting him with malicious and vengeful intentions.[9] Mr. Houston will also plausibly plead that Suffolk County's policy or custom of allowing corrections officers to place inmates on suicide watch without any checks and over the reasoned opinions of medical personnel caused Mr. Houston to undergo atypical and significant hardships without the requisite due process of law,[10] that his placement on suicide watch arose out of the same transaction or occurrence as the assault, and that the two claims share common questions of law and fact.[11]

### Conclusion

For all these reasons, Plaintiff respectfully requests a conference with the Court, or in the alternative, leave to amend the Complaint.

Respectfully submitted,

*Victor Hou*
Victor L. Hou

cc: Brian C. Mitchell, Esq. (by email)

---

[7] See, e.g., Ruiz v. Suffolk County Sheriff's Dep't, 03 CV 3545 (DLI) (ETB), 2008 U.S. Dist. LEXIS 77313, at *4-5 (E.D.N.Y. Sept. 30, 2008) (holding that a Monell claim against Suffolk County accrued during the depositions of two corrections officers, which was more than three years from the events underlying the original complaint).
[8] See generally, Letter, Attachment 2; Proposed Pretrial Order at 3, Sept. 1, 2010, Docket No. 45.
[9] Hudson v. McMillian, 503 U.S. 1, 9 (1992).
[10] See Sandin v. Conner, 515 U.S. 472, 484 (1995).
[11] See Fed. R. Civ. P. 20(a)(2).