UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ROBERT HOUSTON,                                          :
                                                         :
            Plaintiff,                                   :
                                                         :            07-CV-3256 (JFB)
                        – against –                      :
                                                         :
THOMAS COTTER, JOHN WEISS, and                           :
THE COUNTY OF SUFFOLK,                                   :
                                                         :
            Defendants.                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## **<u>JURY CHARGE</u>**

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. We have reached the point where you are about to undertake your final functions as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

At this point, it is my responsibility to instruct you as to the law that governs this case. My instructions will be in three parts.

<u>First</u>: I will give you instructions regarding the general rules that define and govern the duties of a jury in a civil case;

<u>Second</u>: I will instruct you as to the legal elements of the causes of action relevant to this case; and

<u>Third</u>: I will give you some general rules regarding your deliberations

**PART I: GENERAL RULES**

1.      <u>Sole Judges of the Facts</u>

It is your responsibility and duty to find the facts from all the evidence in this case. You are the sole judges of the facts—not the parties and not me. I want to impress upon you the importance of that role. It is for you and you alone to pass upon the weight of the evidence—to resolve such conflicts as may have appeared in the evidence and to draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence.

2.      <u>Juror's Use of Professional Expertise</u>

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal or professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

3.      <u>Jurors' Recollection Governs</u>

With respect to any question concerning the facts, it is your recollection of the evidence and yours alone that controls.

You must apply the law, in accordance with my instructions, to the facts as you find them.

While the parties may have commented on some of these rules, you must be guided only by what I say about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others. Even if you disagree or do not understand the reason for some of the rules, you are bound to follow them. You must not substitute your own notions or opinions of what the law is or ought to be.

4.      <u>Parties are Equal Before the Court</u>

This case should be considered and decided by you as an action between parties of equal standing in the community. You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.

The parties in this case are entitled to a trial free from prejudice and bias. The parties here are entitled to your equal consideration and none are entitled to sympathy or favor.

5.      <u>Conduct of Counsel</u>

It is the duty of the representatives for each side to object when the other side offers testimony or other evidence that they believe is not properly admissible. Therefore, you should draw no inference from the fact that a party objected to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the parties and I had sidebar conferences and other conferences out of your hearing. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

6.      <u>Evidence to be Considered</u>

You will look to the evidence in order to decide what the facts are. Evidence comes in several forms:

1.      Sworn testimony of witnesses, both on direct and cross examination, and regardless of who called them;

2.      Exhibits that the court received in evidence; and

3.      Stipulated facts that have been read into the record.


On the other hand, certain things are not evidence. Let me list them for you:

1.      Argument or statements by lawyers are not evidence. In this regard, what they said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the facts differs from the parties' statements, however, it is your recollection that controls;

2.      The questions put to the witnesses are not evidence;

3.      Objections to questions are not evidence.  In this regard, the parties have a duty to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer like any other answer;

4.      Anything the court may have said, including these instructions, is not evidence;

5.      Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence;

6.      Anything you may have seen or heard outside the courtroom is not evidence.

7.    <u>Direct and Circumstantial Evidence</u>

I told you that evidence comes in various forms, such as the sworn testimony of witnesses and exhibits.  There are, in addition, different kinds of evidence—direct and circumstantial.

(a) Direct evidence is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses.  So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it is giving evidence which is direct.  What remains is your responsibility to pass upon the credibility of that witness.

(b) Circumstantial evidence is evidence which tends to prove a fact in issue by proof of other facts from which the fact in issue may be inferred.

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists from proof of another fact.  For example, if a fact in issue is whether it is raining at the moment, neither of us can testify directly to that fact sitting as we are in this windowless courtroom.  Assume, however, that as we are sitting here, a person walks into the courtroom wearing a raincoat that is soaking wet and carrying an umbrella dripping water.  We may infer that it is raining outside.  In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella.  An inference is to be drawn only if it is logical and reasonable to do so.  In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.  You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

8.     <u>Burden of Proof</u>

The burden of proof rests on the plaintiff.  That means that it must be established by a fair preponderance of the credible evidence that the claims the plaintiff makes are true.  The credible evidence means the testimony or exhibits that you find to be worthy to be believed.  A preponderance of the evidence means the greater part of such evidence.  That does not mean the greater number of witnesses or the greater length of time taken by either side.  The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds.  The law requires that for the plaintiff to prevail on his claims, the evidence that supports his claims must appeal to you as more nearly representing what took place than the evidence opposed to his claims.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendants.  It is only if the evidence favoring the plaintiff's claims outweighs the evidence opposed to it that you can find in favor of the plaintiff.

9.      <u>Witness Credibility</u>

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

10.    <u>Prior Inconsistent Statements</u>

You have heard evidence that, at some earlier time, witnesses have said or done something that one party argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation for the inconsistency and, if so, whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part, or none, of the witness's testimony.

11.    <u>Bias of Witnesses</u>

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence that a witness may benefit in some way from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any witness, or of any party, has intentionally or otherwise colored or distorted his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

12.   Expert Testimony

You have heard, during the course of this trial, the testimony of individuals referred to as experts in their fields. If scientific, technical, or other specialized knowledge will assist the jury to understand the evidence or to decide a disputed fact, a witness with particular knowledge, skill, experience, training or education, may be called to testify about such evidence or facts in issue in the form of an opinion.

The rules of evidence ordinarily do not permit witnesses to testify to opinions or conclusions.  An exception to this rule exists for those we call "expert" witnesses who may state their opinions and who may also state the reasons for their opinion.

You should consider the witnesses' opinions received in this case and give them such weight as you may think they deserve.  If you should decide that the opinion of the witness is not based upon sufficient education and experience, or that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

In sum, the expert witness is in all other respects the same as any other witness.  You should consider his or her qualifications, his or her experience, his or her interest in the outcome of the case, if any, his or her demeanor, and all the other factors you have been instructed to consider in assessing the credibility of other witnesses.

13.   <u>Deposition Testimony</u>

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

14.    <u>Stipulations</u>

The attorneys for the parties have entered into stipulations concerning certain facts that are relevant to this case.

A stipulation of fact is simply an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.  However, what weight to give those facts is entirely up to you.  You are the sole judges of the facts and you decide what weight to give to those facts.

15.    <u>Government Employee Witnesses</u>

During this trial you have heard the testimony of a number of witnesses, some of whom are employees of the county.  The testimony of a government employee is not necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is quite legitimate for the plaintiff's counsel to try to attack the credibility of a government employee witness on the ground that his or her testimony may be colored by a personal or professional interest in the case.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the government employee and to give that testimony whatever weight, if any, you find that it deserves.

## PART II: PRINCIPLES OF LAW

I will now discuss the second part of these instructions:  the principles of law that you must apply to the facts as you determine them to be.

Plaintiff Robert Houston's claims are brought under the Civil Rights Act of 1871, which is also known as Section 1983 of Title 42 of the United States Code. This is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. The law reads, in relevant part:

> "Every person who under color of any statute, ordinance, custom or usage of any
> State . . . subjects or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any rights,
> privileges or immunities secured by the Constitution and laws, shall be liable to
> the party injured in an action at law."

The plaintiff brings brings two causes of action under Section 1983.  First, Mr. Houston claims that Corrections Officers Thomas Cotter and John Weiss, while acting under color of state law, deprived him of a certain right protected by the United States Constitution – namely, his right to be free from cruel and unusual punishment in the jail under the Eighth Amendment. Thus, the first claim that you are considering in this case is a Section 1983 claim for excessive force against Officers Cotter and Weiss under the Eighth Amendment.  Specifically, Mr. Houston alleges that Officers Cotter and Weiss violated his constitutional rights by using excessive force against him at Suffolk County Correctional Facility on January 11, 2007.  The individual defendants deny that they used excessive force.  I want to emphasize that you must consider the claims against each individual defendant separately.

Second, Mr. Houston claims that Suffolk County deprived him of a certain right protected by the United States Constitution – namely, his right to due process under the Fourteenth Amendment.  Thus, the second claim that you are considering in this case is a Section 1983 claim for violation of due process against Suffolk County for allegedly confining him to suicide watch from January 11, 2007 to January 24, 2007 as punishment, rather than for any legitimate medical purpose.

I will now proceed to explain the elements of each of the plaintiff's claims.  Remember, to find for the plaintiff, you must find that he has met his burden to prove each of the elements of a claim by a preponderance of the evidence.

1.     **<u>EXCESSIVE FORCE CLAIM UNDER THE EIGHTH AMENDMENT AGAINST INDIVIDUAL DEFENDANTS COTTER AND WEISS</u>**

I will now turn to plaintiff's first claim – that is, the excessive force claim against Officers Cotter and Weiss under the Eighth Amendment.

To establish a claim under Section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following two elements:

<u>First</u>, that the conduct complained of was committed by a person acting under color of state law;

<u>Second</u>, that this conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States.

If you find that the plaintiff has met his burden to prove both elements of the Section 1983 claim by a preponderance of the evidence, then the defendant you are considering is liable. If, on the other hand, you find that the plaintiff has not proven the elements of his Section 1983 claim by a preponderance of the evidence, then defendant you are considering is not liable.

I shall now examine each of these elements in greater detail.

a.      First Element: "Under Color of State Law"

In this case it is not disputed that, at the time of the incident in question, Officers Cotter and Weiss, were on duty and acting in their official capacities under color of state law.  Hence, the first element of the plaintiff's claims is satisfied as to each individual defendant.

b.      Second Element: Deprivation of Constitutional Right

The second element that the plaintiff must prove by a preponderance of the evidence is that one or both of the defendants deprived the plaintiff of a federal constitutional right.  You must consider each defendant separately.  This element has two sub-parts that the plaintiff must establish by a preponderance of the evidence: first, that the individual defendant you are considering committed the acts alleged by the plaintiff; and second, that the plaintiff suffered the loss of a federal constitutional right as a result.

In this case, plaintiff alleges that the defendants, Corrections Officer Thomas Cotter and Corrections Officer John Weiss, used excessive force against him in violation of his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.  In order to prove a violation under the Eighth Amendment, the plaintiff must show that the defendant(s) maliciously and sadistically inflicted pain on him. The issue is whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.  Therefore, to in order to prove a violation under the Eighth Amendment in this case, the plaintiff must prove each of the following three elements by a preponderance of the evidence:

First, the individual defendant you are considering used force against plaintiff Robert Houston;

Second, the use of such force was excessive and applied maliciously and sadistically for the very purpose of causing harm, and not in a good faith effort to achieve a legitimate purpose, such as to maintain order in the prison; and

Third, as a direct result of the excessive force, plaintiff was damaged.

To establish a constitutional violation under the Eighth Amendment, a plaintiff must meet both an objective and a subjective requirement. To satisfy the objective requirement, the plaintiff must prove that the violation is sufficiently serious or harmful enough by objective standards. The objective component is context specific, turning upon contemporary standards of decency. Hence, a *de minimis* use of force will rarely be sufficiently serious or harmful enough. In other words, not every push or shove, even if it may later seem unnecessary, violates a prisoner's constitutional rights.

To meet the subjective requirement, the plaintiff must prove that one or both of the individual defendants had a wanton state of mind when engaging in the alleged misconduct. Wantonness turns upon whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm. "Maliciously" means intentionally injuring another without just cause or reason. "Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty. In deciding whether this element has been proved, you may consider that prison officials are often required to make split-second judgments to preserve internal order and discipline, and to maintain internal security in the prison.

To determine whether one or both of the individual defendants acted maliciously, you should base your determination on factors including: (1) the extent of the plaintiff's injuries; (2) the need for the application of force; (3) the correlation between the need and the amount of force used; (4) the threat reasonably perceived by the individual defendant; and (5) any efforts made by the individual defendant to temper the severity of a forceful response.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible contact between the plaintiff and the individual defendants would not be sufficient by itself to demonstrate that the individual defendants violated the plaintiff's constitutional rights.  On the other hand, you may find that, under the circumstances, the individual defendants' use of force constituted unreasonable and excessive force that would render the individual defendants liable.

In sum, if you find that the plaintiff has established, by a preponderance of the evidence, that an individual defendant used excessive force with the requisite state of mind, the plaintiff is entitled to recover from that individual defendant for the injuries and damages caused by the excessive force. However, if you find that the plaintiff has failed to establish, by a preponderance of the evidence, that an individual defendant used excessive force with the requisite state of mind, then your verdict will be in favor of that individual defendant.

2.       **PROCEDURAL DUE PROCESS CLAIM AGAINST SUFFOLK COUNTY**

I will now turn to plaintiff's second claim, which is a due process clause claim against Suffolk County.  The plaintiff's second cause of action is based on the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  The Fourteenth Amendment reads, in part, as follows:

> No state shall make or enforce any law which shall abridge the
>
> privileges or immunities of the citizens of the United States; nor shall
>
> any state deprive any person of life, liberty, or property without due
>
> process of law.

The plaintiff alleges that employees of Suffolk County violated his right to procedural due process by depriving him of his liberty interest in remaining free from suicide watch at the Suffolk County Correctional Facility.  Suffolk County does not dispute that the plaintiff was placed and kept on suicide watch from January 11, 2007 to January 24, 2007 but disputes that he was deprived of any protected liberty interest.

What do we mean by "due process of law" in the context of this case?  As I previously advised you, the Due Process Clause of the Fourteenth Amendment to the United States Constitution states:  "Nor shall any state deprive any person of life, liberty, or property, without due process of law."  The Due Process Clause of the Fourteenth Amendment was intended to prevent Government from abusing its power or employing it as an instrument of oppression.  The Due Process Clause is a limitation on the state's power to act.  Procedural due process refers to the procedural safeguards that the Government must provide before it deprives a person of a protected liberty interest.

Before considering the elements of this claim, you must consider a threshold factual question.  Specifically, you must consider whether plaintiff Robert Houston has proven by a preponderance of the evidence that, prior to January 24, 2010, he did not know, and should not have known, of any alleged policy, practice, or custom by Suffolk County to use suicide watch as punishment for inmates  (assuming that you find that such a policy, practice, or custom existed).  If you find that plaintiff has failed to prove that fact, then he cannot proceed with his second claim and you will not consider it.  If you find that plaintiff has proven this fact, then you will proceed to consider the second claim.

In the second claim, plaintiff seeks to hold Suffolk County liable for an alleged violation of his civil rights.  A municipality such as the County of Suffolk may not be held liable for the actions of its employees simply because it employs them.  It is liable only when its official policy or custom, or failure to train, or failure to supervise is the moving force behind or causing a constitutional violation.  In other words, you may not find Suffolk County liable unless you find that plaintiff was injured, and that his injury was caused by the execution of the county's policy or custom, or failure to train, or failure to supervise.

Thus, to hold a municipality liable under Section 1983 for the unconstitutional actions of its employees, a plaintiff is required to establish the following three elements: (1) that an official policy or custom, or failure to train, or failure to supervise, exists which; (2) caused the plaintiff to be subjected to (3) a denial of a constitutional right.  Proof of the element of causation requires two elements be established: first, the plaintiff must prove the existence of a municipal policy or custom in order to show that the municipality took some action that causes his injuries; and second, the plaintiff must establish a causal connection – an "affirmative link" between the policy and the deprivation of his constitutional rights.

In determining whether Suffolk County is liable to plaintiff, you must first determine whether a member of the Suffolk County Sheriff's Department (whose name is known or unknown) did, in fact, violate plaintiff's constitutional rights.  If you do not find that a member of the Suffolk County Sheriff's Department violated plaintiff's constitutional rights, you may not find that the County is liable to plaintiff.  In other words, if you do not find that a member of the Suffolk County Sheriff's Department violated plaintiff's rights in the first place, your verdict must also be for the defendants.  With those preliminary instructions in mind, I will now turn to the elements of the due process claim.

To establish a procedural due process claim under Section 1983 against Suffolk County, the plaintiff must establish, by a preponderance of the evidence, each of the following elements:

First, that employees of Suffolk County were acting under color of state law;

Second, that the plaintiff's confinement to suicide watch at Suffolk County Correctional Facility during January 11, 2007 to January 24, 2007 was an atypical and significant hardship in relation to the ordinary incidents of prison life, such that the plaintiff had a protected liberty interest;

Third, that the intentional or reckless conduct of Suffolk County's employees in confining the plaintiff to suicide watch deprived him of his protected liberty interest;

Fourth, that the actions of Suffolk County employees that deprived the plaintiff of his federal right were the result of (i) an official practice or custom of Suffolk County; or (ii) inadequate training by Suffolk County; or (iii) inadequate supervision by Suffolk County.

If you find that the plaintiff has met his burden to prove each of these elements of the Section 1983 claim by a preponderance of the evidence, then Suffolk County is liable.  If, on the other hand, you find that the plaintiff has not proven each of these elements of his Section 1983 claim by a preponderance of the evidence, then Suffolk County is not liable.

I will address each element in turn.

a.      <u>First Element:  Under Color of State Law</u>

It is not disputed that from January 11, 2007 to January 24, 2007 employees of Suffolk County placed and kept the plaintiff on suicide watch at Suffolk County Correctional Facility while on duty and acting in their official capacities under color of state law.  Hence, the first element as to the claim against Suffolk County is satisfied.

b.    Second Element:  Protected Liberty Interest

The second element that the plaintiff must prove by a preponderance of the evidence is that his confinement to suicide watch at Suffolk County Correctional Facility from January 11, 2007 to January 24, 2007 was an atypical and significant hardship in relation to the ordinary incidents of prison life.  Factors relevant to determining whether the plaintiff endured an atypical and significant hardship include:  (i) the extent to which the conditions of suicide watch confinement differed from routine prison conditions (including any conditions in the disciplinary tier that plaintiff would have been subjected to, even in the absence of any retaliatory conduct by prison officials that is proven to you by plaintiff);  (ii) the duration of suicide watch confinement imposed; and (iii) whether the suicide watch confinement imposed would have lengthened the plaintiff's overall confinement in prison.  You should consider what weight to attach to each of these factors.  The plaintiff does not have to show that he suffered in each or every way listed here in order to establish that his confinement resulted in an atypical and significant hardship.

If you find that the plaintiff was not subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life, and therefore did not have a protected liberty interest you will have found for the defendant Suffolk County and must return a verdict in its favor on the plaintiff's due process violation claim.

If however, you find that plaintiff was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life, and therefore did not have a protected liberty interest, you must then move to the next element of the plaintiff's claim which is, whether, by confining plaintiff on suicide watch, employees of Suffolk County deprived him of that protected liberty interest.

28

c.     Third Element:  Deprivation of Protected Liberty Interest

The next element that the plaintiff must prove by a preponderance of the evidence is that employees of Suffolk County placed the plaintiff on suicide watch without justification and did so  as punishment for disciplinary issues and in doing so deprived him of a protected liberty interest.  While Suffolk County can be held liable for this deprivation even if the specific municipal employees who kept the plaintiff on suicide watch are unknown, the plaintiff must prove by a preponderance of the evidence that he was in fact kept on suicide watch for purposes of punishment relating to disciplinary issues, and not for some other reason, such as a legitimate concern for his safety and wellbeing, or due to some ministerial or administrative circumstance.

In other words, to prove this element, the plaintiff must show, by a preponderance of the evidence, that employees of Suffolk County acted intentionally or recklessly in placing him on suicide watch without justification and for purposes of  punishment relating to disciplinary issues.     If you find that the acts of Suffolk County were merely negligent, then, even if you find that the plaintiff was injured as a result of its employees' acts, you must return a verdict for Suffolk County.

An act is intentional if it is done voluntarily and deliberately, not because of mistake, accident, or negligence. An act is reckless if it is done with conscious disregard for the probable consequences known to the actor.  The proper inquiry should focus on the state of mind of the employee in connection with the deprivation itself (keeping the plaintiff on suicide watch), and not the failure to provide due process.

If you find that the plaintiff was not deprived of a protected liberty interest  you will have found for the defendant Suffolk County and must return a verdict in its favor on the plaintiff's

due process violation claim.

      If however, you find that the plaintiff was deprived of a protected liberty interest you then must determine if  the violation of this right was  the result of a municipal policy or custom and that there was an "affirmative link" between the policy or custom and the deprivation of his constitutional rights.

e.   <u>Fourth Element:  Municipal Liability</u>

If you find that the plaintiff has proven that he has been deprived of his due process right, there are three ways that you can find Suffolk County liable in this action.  First, you may find Suffolk County liable if the plaintiff establishes by a preponderance of the evidence that the actions of Suffolk County employees that deprived the plaintiff of his federal right were the result of an official practice or custom of Suffolk County that was in place even though such a practice or custom had not necessarily received formal approval through Suffolk County's official decision-making channels.  Second, you may find that Suffolk County is liable if the plaintiff was deprived of his constitutional rights due to inadequate training of Suffolk County employees.  Third, you may find that Suffolk County is liable if the plaintiff was deprived of his constitutional rights due to inadequate supervision of Suffolk County employees.

I want to emphasize that, although Suffolk County may be held liable if any one of these three theories of liability is proven by plaintiff, you must be unanimous as to which particular theory of liability you find plaintiff has proven.

I will address each of these in turn.

**Official Practice or Custom**

Whether an official practice or custom exists is a question of fact for you to determine. A practice or custom is a persistent, widespread course of conduct by Suffolk County officials or employees that has become a traditional way of carrying out policy, and has acquired the force of law, even though Suffolk County has not necessarily formally adopted or announced the custom. In other words, the plaintiff must prove that the violation of his federally protected rights was not an isolated incident but was part of a persistent, widespread practice of Suffolk County. Whether

31

there was such a practice or custom is a question of fact for you, the jury, to determine. In making this determination, you may consider whether there is sufficient evidence to prove the existence of any alleged custom,  the extent how long the alleged practice existed,  the number and percentage of Suffolk County officers engaged in the practice, and the similarity of the conduct engaged in by its employees. A municipal practice or custom has the force of law when it has been approved, either expressly or implicitly, by Suffolk County policymakers, or when, after being placed on notice of a practice or custom of unlawful conduct, Suffolk County policymakers are deliberately indifferent to it.

 "Deliberate indifference" is defined as:  a mental state equivalent to subjective recklessness.  This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious harm will result to the plaintiff.   Although the reckless official need not desire to cause such harm or be aware that such harm will surely or almost certainly result, the plaintiff must prove that the  Suffolk County policymakers were actually aware of a substantial risk that harm would occur from the alleged custom or practice.  Still, recklessness entails more than mere negligence; and the risk of harm must be substantial and the actions of the  Suffolk County policymakers must be more than merely negligent.

If you find that the plaintiff has failed to prove by a preponderance of the evidence the existence of the alleged custom or practice, or that the alleged practice or custom was approved by Suffolk County Policy makers, or after being placed on notice of a practice or custom of unlawful conduct, Suffolk County policymakers were deliberately indifferent to that custom or practice, then you must find for the defendant County of Suffolk.

If, however,  you find that the plaintiff has proven by a preponderance of the evidence the

32

existence of the alleged custom or practice, or that the alleged practice or custom was approved by Suffolk County Policy makers, or after being placed on notice of a practice or custom of unlawful conduct, Suffolk County policymakers were deliberately indifferent to that custom or practice, then you must determine if the policy, practice, or custom was the moving force behind or caused the constitutional violation.

### Inadequate Training

To establish a claim against the County of Suffolk based upon inadequate training, the plaintiff must prove  by a preponderance of the evidence: (i) the specific inadequacies in Suffolk County's training programs for corrections officers with respect to suicide watch; (ii) that the inadequate training was the result of deliberate indifference on the part of Suffolk County to the Fourteenth Amendment rights of persons with whom the corrections officers came into contact; and (iii) that the inadequate training was the proximate cause of the violation of the plaintiff's Fourteenth Amendment rights.

In order to find deliberate indifference to the inadequate training, you must find from the evidence three things: (i) that Suffolk County knew or should have known that its officers placed inmates on suicide watch without justification and for purposes of  punishment relating to disciplinary issues  (ii)  that there was a history in the system of corrections officers placing inmates on suicide watch without justification and for purposes of  punishment relating to disciplinary issues; and (iii)  that a need for more or different training was so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need.

If you find that the plaintiff has failed to prove by a preponderance of the evidence that

Suffolk County inadequately trained their employees, and that the inadequate training was the result of deliberate indifference on the part of Suffolk County to the Fourteenth Amendment rights of persons with whom the corrections officers came into contact, then you must find for the defendant County of Suffolk.

If, however, you find that the plaintiff has proven by a preponderance of the evidence that Suffolk County inadequately trained their employees, and that the inadequate training was the result of deliberate indifference on the part of Suffolk County to the Fourteenth Amendment rights of persons with whom the corrections officers came into contact, then you must determine if the failure to adequately train was the moving force behind or caused the plaintiff's constitutional violation.

**Inadequate Supervision**

To establish a claim against the County of Suffolk based upon inadequate supervision, the plaintiff must prove by a preponderance of the evidence: (i) the specific inadequacies in Suffolk County's supervision of corrections officers with respect to suicide watch; (ii) that the inadequate supervision was the result of deliberate indifference on the part of Suffolk County to the Fourteenth Amendment rights of persons with whom the corrections officers came into contact; and (iii) that the inadequate supervision was the proximate cause of the violation of the plaintiff's Fourteenth Amendment rights.

In order to find deliberate indifference to the inadequate training, you must find from the evidence three things: (i) that Suffolk County knew or should have known that its officers placed inmates on suicide watch without justification and for purposes of punishment relating to disciplinary issues; (ii) that there was a history in the system of corrections officers placing

34

inmates on suicide watch without justification and for purposes of punishment relating to disciplinary issues; and (iii) that a need for more or greater supervision was so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need.

If you find that the plaintiff has failed to prove by a preponderance of the evidence that Suffolk County inadequately supervised their employees, and that the inadequate supervision was the result of deliberate indifference on the part of Suffolk County to the Fourteenth Amendment rights of persons with whom the corrections officers came into contact, then you must find for the defendant County of Suffolk.

If, however, you find that the plaintiff has proven by a preponderance of the evidence that Suffolk County inadequately supervised their employees, and that the inadequate supervision was the result of deliberate indifference on the part of Suffolk County to the Fourteenth Amendment rights of persons with whom the corrections officers came into contact, then you must determine if the failure to adequately supervise was the moving force behind or caused the plaintiff's constitutional violation.

## Causation

As I have mentioned, even if the plaintiff has proven by a preponderance of the evidence the existence of a policy practice or custom on the part of the County of Suffolk, or a failure to adequately train or supervise its employees as a result of a deliberate indifference to the Fourteenth Amendment rights of person within the facility, the plaintiff still must prove that the policy or custom, or the lack of adequate supervision or training, was the moving force behind or caused the plaintiff's constitutional violation.   In other words, even if the plaintiff proves he was

subjected to a constitutional violation, he must also establish that the violation was a result of the policy or custom, or lack of adequate training or supervision for you to find the County of Suffolk liable for that violation.

In order to prove that the policy or custom, or the lack of adequate supervision or training, was the moving force behind or caused the plaintiff's constitutional violation,  the plaintiff must establish a causal connection - an "affirmative link" between the policy and the deprivation of his constitutional rights.   If the plaintiff fails to establish an "affirmative link" between the policy or custom, or the lack of adequate supervision or training, and the deprivation of his constitutional rights, then you must find for the defendant County of Suffolk.

**DAMAGES**

If you find that the plaintiff has proven any of his claims, then defendants are liable for the damages that were caused to the plaintiff.

I will now give you instructions regarding computing the amount of damages. The fact that I am giving you instructions on damages, however, should not be considered as an indication of any view of mine on what your verdict should be.  Rather, instructions on damages are given only so that you will have them in the event that you should find in favor of the plaintiff on the question of liability.

In computing damages, should you award damages, you may not engage in speculation or arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

I instruct you that the plaintiff's attorney's statements, if any, to you of the amount of damages you should award the plaintiff are not binding upon you. It is not evidence; it is only the statement of the plaintiff's attorney. It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate the plaintiff for any injuries and damages he has sustained. You are to make that determination solely on the basis of the evidence in this case, and on the law I will give you, and not on the basis of an attorney's or party's statement, claim or argument.

There are three types of damages that you may consider: compensatory damages, nominal damages, and punitive damages. I will discuss each in turn.

1. **Compensatory Damages**

If you return a verdict for the plaintiff, then you must first award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.

You should award compensatory damages only for those injuries that you find the plaintiff has proven by a preponderance of the evidence.  Moreover, you shall award compensatory damages only for those injuries and consequent damages sustained by the plaintiff that you find the plaintiff has proven by a preponderance of the evidence to have been proximately caused by the defendants' conduct.  In other words, to recover compensatory damages for his claim, the plaintiff must prove by a preponderance of the evidence that the defendant's actions were a proximate cause of his injuries.  "Proximate cause" means that there must be a sufficient causal connection between the act of each defendant and any injury or damage sustained by the plaintiff.  An act is a proximate cause if it was a substantial factor in bringing about or actually causing the injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's acts.  If an injury was a direct result, or a reasonably probable consequence, of one of the defendant's acts, it was proximately caused by such act.  In other words, if the defendant's acts had such an effect in producing an injury that reasonable persons would regard as being a cause of the injury, then the acts are a proximate cause.  A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.  A defendant is not liable if the plaintiff's injury was caused by a new or independent source of an injury that intervenes between the defendant's act and the plaintiff's injury, and that

38

produces a result that was not reasonably foreseeable by the defendant.  Likewise, a defendant is not liable for an injury that he did not cause, such as, for example, an injury that existed before the defendant's conduct in question.

With respect to proximately caused injuries, you may award compensatory damages for any physical injury sustained by the plaintiff, as well as any suffering, inconvenience, loss of enjoyment of life, and other non-monetary losses that the plaintiff proves that he experienced as a consequence of the defendants' actions.  There is no requirement that evidence of the monetary value of such intangible things as injury, pain, and suffering be introduced in evidence.  There is no exact standard for fixing the compensation to be awarded for these types of damages, and no expert testimony need be introduced.  Any award you make should be fair in light of the evidence presented at the trial.

Compensatory damages must not be based on speculation or sympathy, however.  They must be based on the evidence presented at trial, and only on that evidence.  Therefore, to recover damages for physical injury, the plaintiff must present credible testimony with respect to the injuries, either by competent medical proof or by the circumstances of the case.  Medical treatment is not a precondition to recovery.  Physical injury may be proved by the plaintiff's own testimony, corroborated by reference to the circumstances of the alleged conduct.

The plaintiff can only recover for an injury, if any, that he proves by a preponderance of the evidence was caused by the unlawful conduct of the defendant.  If you find that the plaintiff has proven that he suffered injuries, and that these injuries were caused by the defendants' conduct, you must fix the amount of damages that will, as much as money can, fairly compensate the plaintiff for such injuries.  The purpose of such an award of damages for an injury is not to

punish the defendant, nor is the plaintiff entitled to be compensated for any injury not caused by the alleged conduct.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

Finally, let me caution you against awarding a double recovery.  I have said that, if you return a verdict for the plaintiff, you must award him such sum of money as you believe will fairly and justly compensate him for any damage or injury you believe he actually sustained as a direct result of the conduct of the defendants.  In this case, the plaintiff brings multiple claims against multiple defendants.  You must remember that, in calculating the damages, the plaintiff is entitled to be compensated only once for the damages he actually suffered.  Thus, you must be careful in determining the proper measure of damages that you do not award double compensation for a single injury, even if both defendants are responsible for the violation.  In addition, if you find liability on more than one claim, and you find that more than one claim produced the same injury, you must be careful in determining the proper measure of damages that you do not award double compensation for the same injury.

2.     **Nominal Damages**

If you find that the plaintiff has prevailed on his claims, but that he has suffered no damages as a natural consequence of that violation, you must award him nominal damages. Therefore, if you find that the plaintiff has suffered no injury as a result of the conduct of the defendants, other than the fact of a deprivation of a constitutional right, you must award nominal damages, which cannot exceed one dollar.

3.      **Punitive Damages**

If you award the plaintiff compensatory or nominal damages on either claim, then you may also make a separate and additional award of punitive damages against an individual defendant, and not against a municipality, such as the County of Suffolk.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant or others from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts of the defendants were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendants acted maliciously or wantonly with regard to his rights.

An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure the plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused the plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that the defendant has a conscious desire to violate rights or to injure the plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendants acted with malicious intent to violate the plaintiff's constitutional rights or unlawfully injure him, or if you find that the defendants acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you

find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendants may be adequately punished  by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should also consider whether compensatory damages standing alone are likely to deter or prevent a defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendants may have committed.

**PART III: CLOSING REMARKS**

Before I allow you to retire to the jury room to deliberate, I would like to offer you some closing remarks. By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case only from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

Your deliberations should include a rational discussion of the evidence in the case by all of you.

In your deliberations, you are entitled to your own opinion, but you should exchange views with your fellow jurors and listen carefully to each other.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced that they are wrong.  However, do not surrender an honest conviction as to weight and effect of the evidence simply to arrive at a verdict.

For each claim, if the plaintiff has carried his burden of proof as to one of his claims by establishing every essential element of that claim by a preponderance of the evidence, your sworn duty is to find for him on that claim.  If the plaintiff has failed to establish any essential element of a claim, your sworn duty is to find for the defendants.

I instruct you that the decision you reach must be unanimous.  I also instruct you to consider each question on the verdict sheet separately, and your decision on each question must be unanimous.  Again, I emphasize that you must consider each defendant and each claim separately.

44

Remember also that your verdict must be based solely on the evidence in the case and the law as the court has given it to you, not on anything else.  Opening statements, closing arguments, or other statements or arguments of the parties are not evidence. If your recollection of the facts differs from the way the parties have stated the facts to be, then your recollection controls.

When you get into the jury room, before you begin your deliberations, your first act will be to select one of you to be the foreperson.  The foreperson will be responsible for signing all communications to the court and for handing them to my deputy, Michele, during your deliberations, but of course the foreperson's vote is entitled to no greater weight than any other juror.

During the trial, I permitted the taking of notes by those of you who wished to do so.  At that time I pointed out that while you could take notes, there is no need for your doing so, because the court reporter takes down everything that is said in the courtroom and during your deliberations the court reporter will read back to you any portion of the transcript you may ask for.

For those of you who did take notes during the trial, I point out to you and your fellow jurors that your notes are simply an aid to memory for the particular juror who takes the notes.  You are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in your deliberations.  Jurors who did not take notes should not be influenced by the fact that other jurors have taken notes.  Your notes are not evidence, may be inaccurate, and are by no means a complete recording of the trial testimony. Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

It is very important that you not communicate with anyone outside the jury room about your

deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through my deputy, Michele, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court.  If you send any notes to the court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If during your deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon written request.  If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want.  If you request a readback of testimony, please be patient, as it may take some time to locate and agree upon the specific testimony required.  Your request for a readback may be as narrow or extensive as you decide it to be.

I have prepared a verdict sheet, which will be given to you.  The verdict sheet is given to you to record your verdict after you have reached a verdict in this case.

When you have reached a decision, have the foreperson sign the verdict form and put the date on it—and notify my deputy, Michele, by note, that you have reached a verdict.

I reiterate that any verdict you reach must be unanimous.

Your oath sums up your duty—and that is—without fear or favor to any person, you will well

and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.

This concludes my instructions.  Thank you for your close and careful attention.  Members of the jury, you will now retire to deliberate after I swear in my deputy.  I do ask that, as your first order of business, you elect a foreperson and send me a note, dated and timed, identifying that foreperson.