UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

ROBERT HOUSTON,                                    :
                                                                      :
                            Plaintiff,                       :
                                                                      :
            - against -                                       :                07 CV 03256 (JFB) (AYS)
                                                                      :
THOMAS COTTER, JOHN WEISS, and          :
THE COUNTY OF SUFFOLK,                         :
                                                                      :
                            Defendants.                   :
-------------------------------------------------------------- X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS



CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .............................................................................................1

BACKGROUND ...............................................................................................................3

ARGUMENT .....................................................................................................................8

I.    THIS COURT SHOULD AWARD PLAINTIFF'S COUNSEL
      REASONABLE ATTORNEYS' FEES AND COSTS ................................................8

II.   THE AMOUNT OF ATTORNEYS' FEES SOUGHT ON THE
      EXCESSIVE FORCE CLAIM IS REASONABLE..................................................9

      A.    The PLRA Sets The Hourly Rates On The Excessive Force Claim .....................9

      B.    The Number Of Hours Expended On The Excessive Force
            Claim Is Reasonable..............................................................................10

III.  THE AMOUNT OF ATTORNEYS' FEES SOUGHT ON THE DUE
      PROCESS CLAIM IS REASONABLE ...............................................................12

      A.    The Hourly Rates Sought On The Due Process Claim
            Are Reasonable ....................................................................................12

      B.    The Number Of Hours Expended On The Due Process
            Claim Is Reasonable..............................................................................15

      C.    No Downward Adjustment Is Warranted............................................................17

IV.   THE AMOUNT OF COSTS SOUGHT IS REASONABLE ..........................................17

CONCLUSION...................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Rules and Statutes**

28 U.S.C. § 1961(a) .................................................................................................17

42 U.S.C. § 1988......................................................................................................8

42 U.S.C. § 1997e....................................................................................................9

**Cases**

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany,
522 F.3d 182 (2d Cir. 2007) ................................................................................8, 13

Berrian v. City of New York,
No. 13cv1719 (DLC)(DF), 2014 WL 6611356 (S.D.N.Y. July 28, 2014), adopted in part,
No 13cv1719 (DLC), 2014 WL 6604641 (S.D.N.Y. Nov. 21, 2014)..........................................11

Farrar v. Hobby,
506 U.S. 103 (1992)..................................................................................................8

G.B. ex rel. N.B. v. Tuxedo Union Free School Dist.,
894 F. Supp. 2d 415 (S.D.N.Y. 2012)......................................................................17

Gutman v. Klein,
No. 03 CIV. 1570 (BMC), 2009 WL 3296072 (E.D.N.Y. Oct. 13, 2009),
aff'd, 515 F. App'x 8 (2d Cir. 2013)....................................................................13, 17

Hensley v. Eckerhart,
461 U.S. 424 (1983)................................................................................................12

Hernandez v. Goord,
No. 01-CV-9585 (SHS), 2014 WL 4058662 (S.D.N.Y. Aug. 14, 2014)................................10, 11

Houston v. Cotter,
7 F. Supp. 3d 283 (E.D.N.Y. 2014) ............................................................................6

Hutchinson v. McCabee,
No. 95 Civ. 5449 (JFK), 2001 WL 930842 (S.D.N.Y. Aug. 15, 2001)................................11, 18

__Page(s)__

Johnson v. Ga. Highway Express Inc.,
488 F.2d 714 (5th Cir. 1974) ....................................................................13

Kappenberger v. Oates,
663 F. Supp. 991 (S.D.N.Y. 1987) ...........................................................18

Kassim v. City of Schenectady,
415 F.3d 246 (2d Cir. 2005) .....................................................................17

Larsen v. JBC Legal Group PC,
588 F. Supp. 2d 360 (E.D.N.Y. 2008).......................................................17

LeBlanc-Sternberg v. Fletcher,
143 F.3d 748 (2d Cir. 1998) ...............................................................11, 18

Luca v. Cty. of Nassau,
698 F. Supp. 2d 296 (E.D.N.Y. 2010)..................................................12, 17

Millea v. Metro-North R. Co.,
658 F.3d 154 (2d Cir. 2011) ...............................................................12, 17

Monell v. Dep't of Soc. Servs. of N.Y.,
436 U.S. 658 (1978)....................................................................................4

Morgenstern v. Cty. of Nassau,
No. CV 04-58 (ARL), 2009 WL 5103158 (E.D.N.Y. Dec. 15, 2009)............13, 17, 18

NAACP v. Town of East Haven,
259 F.3d 113 (2d Cir. 2001) .....................................................................17

Reynolds v. Goord,
No. 98 Civ. 6722 (DLC), 2001 WL 118564 (S.D.N.Y. Feb. 13, 2001)................10, 18

Shepherd v. Goord,
662 F.3d 603 (2d Cir. 2011) .....................................................................11

Siracuse v. Program for the Dev. of Human Potential,
No. 07 CV 2205 CLP, 2012 WL 1624291 (E.D.N.Y. Apr. 30, 2012)........................12

Tatum v. City of New York,
No. 06–cv–4290 (PGG)(GWG), 2010 WL 334975 (S.D.N.Y. Jan. 28, 2010) .......8, 18

**Page(s)**

Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.,
215 F.R.D. 60 (E.D.N.Y. 2003).................................................................................13

**Other Authorities**

United States District Court, Eastern District of New York, Attorney Hourly Rates,
https://img.nyed.uscourts.gov/files/forms/HourlyRates.pdf.........................................................9

Plaintiff Robert Lee Houston, by his attorneys, submits this memorandum of law in support of Plaintiff's Motion for Attorneys' Fees and Costs.

## PRELIMINARY STATEMENT

On January 11, 2007, Mr. Houston was assaulted by Officer Thomas Cotter without provocation and then, as further punishment, was placed on suicide watch by Suffolk County corrections officers for two weeks without any medical basis for this confinement. Although Mr. Houston was in prison and powerless, he did not give in or give up.  He filed his handwritten complaint *pro se* in July 2007 asserting excessive force claims.  In December 2010, this Court appointed Plaintiff's counsel to represent Mr. Houston and, since that time, Plaintiff's counsel has worked closely with Mr. Houston and has advised and consulted with him on every strategic decision throughout the litigation to give voice to his constitutional claims.  Over the past five years, Plaintiff's counsel has spent thousands of hours and hundreds of thousands of dollars investigating the facts of Mr.  Houston's case, developing and asserting an additional constitutional claim against Suffolk County, reopening discovery twice, filing and overcoming dispositive motions, and developing expert reports and expert testimony, which culminated in an eight-day trial in which Mr. Houston's claims were finally heard and resoundingly vindicated. The jury returned a verdict for Mr. Houston on his excessive force claim and awarded compensatory and punitive damages, and returned an unprecedented verdict against Suffolk County for its previously unchallenged policy and practice of using suicide watch as a form of punishment.  Although Plaintiff's counsel accepted this representation *pro bono* without any expectation or promise of compensation, as the prevailing party in this litigation, Plaintiff now respectfully requests that this Court award Plaintiff's counsel $89,281.93 in attorneys' fees and costs against Officer Thomas Cotter and $906,867.42 in attorneys' fees and costs against Suffolk

County.[1]  The requested fees and costs are significantly less than the total amount of actual time, resources, and expenses incurred by Plaintiff's counsel in this matter and are more than reasonable given the nature of this case and the results achieved at trial.

The fees requested against Officer Cotter are calculated using rates set by the Judicial Conference of the United States pursuant to a formula established by the Prison Litigation Reform Act ("PLRA").  These fees are well below the actual cost of litigating Mr. Houston's excessive force claim, both because Plaintiff's counsel's rates have been reduced in accordance with the PLRA, and because Plaintiff's counsel is voluntarily submitting a reduced set of billing records in connection with this claim.  As these records demonstrate, a significant amount of time and effort was required to show that Mr. Houston was subjected to excessive force on January 11, 2007, including time and effort spent on legal research, document discovery, and multiple depositions.  Following a two-week jury trial, Plaintiff successfully obtained a verdict against Officer Cotter and an award of compensatory and punitive damages.

The fees sought against Suffolk County are calculated using the "lodestar" method.  Under this method, the product of the prevailing hourly rate and hours worked is presumptively reasonable.  Here, the hourly rates sought for worked performed on Mr. Houston's due process claim have been voluntarily reduced by a significant amount by Plaintiff's counsel and are consistent with rates that courts in this district have previously found to be reasonable. In addition, Plaintiff's counsel has submitted a reduced set of billing records in connection with this claim.

The reasonableness of the fees sought against Suffolk County is readily apparent from the novelty and complexity of Mr. Houston's due process claim.  To prove this claim,

---

[1] Plaintiff reserves his right to supplement this motion, including with respect to any attorneys' fees and costs related to this matter that are not sought in this motion.

Plaintiff's counsel was not only required to show that a prisoner had a liberty interest in remaining free from suicide watch, but also that Suffolk County proximately caused Mr. Houston's specific confinement to suicide watch in January 2007.  To satisfy these and other elements, Plaintiff's counsel conducted legal research, engaged in document discovery, deposed individual and Rule 30(b)(6) witnesses, obtained expert testimony, and successfully opposed multiple dispositive motions.  After two weeks of trial, the jury rendered a verdict finding Suffolk County liable and awarded compensatory damages on this claim.

The costs requested against Officer Cotter and Suffolk County are likewise reasonable because they reflect actual expenses incurred in this matter.  These costs include copying, postage, research, deposition transcription, and travel expenses, all of which are typically awarded to prevailing parties in civil rights actions.

Therefore, Plaintiff's counsel respectfully requests the full attorneys' fees and costs sought in this motion.

## BACKGROUND

On January 11, 2007, Officer Cotter used excessive force against Mr. Houston while he was incarcerated at the Suffolk County Correctional Facility ("SCCF").[2]  On July 26, 2007, Mr. Houston filed a *pro se* complaint against Officer Cotter, Officer John Weiss, and others.  Without representation by counsel, Mr. Houston did not conduct any fact or expert discovery, and on May 5, 2010, Magistrate Judge Wall ordered discovery closed.  In December 2010, this Court appointed Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") as counsel to Mr. Houston.  On March 4, 2011, Plaintiff's counsel moved to reopen discovery,

---

[2]      After the jury found that Officer Cotter had "subjected plaintiff to excessive force in violation of the Eighth Amendment," Officer Cotter did not file a motion for judgment as a matter of law challenging this finding.  Jury Verdict, *Houston v. Cotter*, No. 07-CV-3256 (JFB) (E.D.N.Y. Mar. 9, 2015), ECF No. 165.

which motion this Court granted, ordering discovery to be completed by October 14, 2011.  Hou Decl. ¶¶ 16-17.[3]

Thereafter, Plaintiff's counsel worked to flesh out Mr. Houston's case.  To that end, Plaintiff's counsel obtained and reviewed SCCF documents and deposed multiple SCCF witnesses.  During the course of this fact-gathering process, Plaintiff's counsel identified critical medical and worker's compensation records showing that Officer Cotter had bruised the knuckles on his right hand so badly on the date of the assault that he went to the emergency room and took the next four days off of work.  Hou Decl. ¶ 18.

In addition, Plaintiff's counsel uncovered significant evidence establishing that corrections officers at SCCF use suicide watch to punish inmates.  Dr. Troiano, SCCF's staff psychiatrist, expressly admitted under oath on July 13, 2011 that suicide watch is used as punishment.  Troiano Dep. Tr. at 81:17–82:5.  Considering that corrections officers placed Mr. Houston on suicide watch within hours of the January 11, 2007 assault—where he remained for two weeks, despite multiple removal orders from mental health professionals—Plaintiff's counsel subsequently met with Mr. Houston to gather information about this confinement, and researched inmates' due process rights and municipal liability under Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658 (1978).  Ultimately, Plaintiff's counsel determined that Suffolk County's misconduct violated Mr. Houston's Fourteenth Amendment right to due process, and on December 16, 2011, Mr. Houston filed an Amended Complaint adding a due process claim against Suffolk County.  Hou Decl. ¶ 26.

Shortly thereafter, Suffolk County moved to dismiss this claim, arguing that Mr. Houston did not experience an atypical and significant hardship on suicide watch, and thus had

---

[3]     The Declaration of  Victor L. Hou in Support of Plaintiff's Motion for Attorneys' Fees and Costs, dated April 26, 2016, is referred to herein as "Hou Decl."

no liberty interest, and that any damages on this claim were barred by the PLRA.  Hou Decl. ¶

26.  On August 10, 2012, this Court denied this motion in its entirety and held that the PLRA is

inapplicable to this claim.  Tr. of Status Conference at 7-9 (Aug. 10, 2012), ECF No. 80

("Plaintiff was not incarcerated at the time the Monell claim was brought").

       After this Court denied Suffolk County's motion to dismiss, Plaintiff's counsel

requested discovery on SCCF's suicide watch policies and practices.  By letter dated August 31,

2012, the parties agreed to engage in discovery on this claim.  Hou Decl. ¶ 29.  During this phase

of discovery, Plaintiff's counsel served interrogatories on Suffolk County requesting information

about suicide watch, including data on inmates who were placed and kept on suicide watch in

2006 and 2007.  Although it conceded that much of this information was relevant, Suffolk

County refused to produce it, thereby forcing Plaintiff's counsel to file a motion to compel

production, which this Court granted on January 10, 2013.  Hou Decl. ¶¶ 30-33.

       Pursuant to this order, Suffolk County produced hundreds of pages of suicide

watch lists from this two-year period.  Organizing and synthesizing this information was a

formidable task that required tracking individual inmates by PIN numbers and deciphering

handwritten notations made by SCCF personnel.  See Hou Decl. ¶¶ 33-34.

       After distilling this data, Plaintiff's counsel provided it to Jorge Baez, a statistical

expert, who analyzed it and reached several critical conclusions, including that Mr. Houston's

confinement to suicide watch in January 2007 was five times longer than the median inmate at

SCCF during this two-year period (which confirmed the punitive animus behind this

confinement), and that 16% of all inmates remained on suicide watch for at least three days after

mental health professionals ordered their removal during this period (which showed that Mr.

Houston was not alone in remaining on suicide watch against mental health professionals'

removal orders).  See Hou Decl. ¶ 35.   In addition, Toni Bair, a corrections expert and former prison warden, analyzed documents and testimony relating to SCCF's suicide watch practices and concluded that the suicide watch smock that Mr. Houston was forced to wear was humiliating and stigmatizing, and that SCCF's suicide watch training and supervision failed to meet industry standards or the binding standards of SCCF's accrediting organization.  Hou Decl. ¶ 36.

   During this phase of discovery, Plaintiff's counsel deposed Officer Urban and Lt. Krieg, both of whom played key roles in placing Mr. Houston on suicide watch, as well as Sgt. Koelbel, who testified as a 30(b)(6) witness on behalf of Suffolk County.  Hou Decl. ¶¶ 38-39. Importantly, Sgt. Koelbel admitted that classifications officers at SCCF had complete and ultimate discretion to decide which inmates are removed from suicide watch, including the power to overrule mental health professionals' removal orders, despite having no formal post-academy training on suicide prevention.  Koelbel Dep. Tr. at 80:3–81:17; see Hou Decl. ¶ 39.

   After the completion of discovery, the parties cross-moved for summary judgment on the due process claim.  A substantial effort was required to litigate these motions, including drafting memoranda of law addressing novel and complex issues relating to Mr. Houston's liberty interest in remaining free from suicide watch and the elements of municipal liability, as well as the timeliness of his claim.  See Hou Decl. ¶¶ 46-48.  By Memorandum and Order dated March 27, 2014, this Court denied both summary judgment motions, holding that genuine issues of fact remained to be tried.  Houston v. Cotter, 7 F. Supp. 3d 283, 299-300 (E.D.N.Y. 2014).

   In advance of trial, Plaintiff's counsel devoted a considerable amount of time and resources to preparation.  During 2014 and early 2015, Plaintiff's counsel drafted and filed numerous pretrial submissions, including:

(1) a joint proposed pretrial order negotiated with Defendants' counsel;

(2) petitions for writs of habeas corpus requesting that Mr. Houston and Mr. Tinch, an incarcerated fact witness, be transferred to the E.D.N.Y. before trial;

(3) a motion *in limine* seeking to preclude irrelevant and prejudicial evidence;

(4) proposed *voir dire* questions, jury instructions, and a jury verdict form; and

(5) a proposed order concerning the use of electronic devices and audiovisual equipment at trial.

In addition, Plaintiff's counsel drafted numerous direct- and cross-examination outlines, which required an extensive review of the documents and testimony obtained during discovery. During this period, Plaintiff's counsel also held numerous telephonic and in-person meetings with Plaintiff's fact and expert witnesses to prepare them for trial.

From February 23, 2015 to March 4, 2015, Plaintiff's counsel presented Mr. Houston's claims to a jury, and defended against Defendants' case. At trial, Plaintiff's counsel participated in jury selection, presented opening statements, examined fifteen witnesses, engaged in numerous side bar disputes, participated in the charge conference, and argued summations and that punitive damages were warranted against the individual defendants. See Hou Decl. ¶¶ 56-57. On March 9, 2015, the jury returned a verdict, finding that (1) Officer Cotter "subjected plaintiff to excessive force," awarding $1,000 in compensatory damages and $4,000 in punitive damages; (2) Officer Weiss was not liable on the excessive force claim; (3) Mr. Houston was deprived of his liberty interest when Suffolk County's employees "confin[ed] him to suicide watch without justification and did so as punishment" pursuant to an official practice or custom, inadequate training, and/or inadequate supervision, awarding $25,000 in compensatory damages; and (4) Mr. Houston's due process claim was timely. Jury Verdict at 1-2 (Mar. 9, 2015), ECF No. 165.

7

On May 15, 2015, Suffolk County filed a motion for judgment as a matter of law, arguing that the evidence was insufficient for a finding of liability on the due process claim (the "JMOL Motion").  By Memorandum and Order dated March 30, 2016, this Court denied the JMOL Motion and held that Mr. Houston offered sufficient evidence at trial to support the jury's findings and verdict rendered in favor of Mr. Houston's due process claim.  Mem. and Order (Mar. 30, 2016), ECF No. 177.

## ARGUMENT

## I.     THIS COURT SHOULD AWARD PLAINTIFF'S COUNSEL REASONABLE ATTORNEYS' FEES AND COSTS

This Court should award Plaintiff's counsel $89,281.93 in attorneys' fees and costs against Officer Cotter, and $906,867.42 in attorneys' fees and costs against Suffolk County, pursuant to 42 U.S.C. § 1988.  Section 1988 permits this Court, in its discretion, to award a "prevailing party" in a civil rights action a "reasonable attorney's fee" and costs.  42 U.S.C. § 1988(b) (2000).[4]  To qualify as a "prevailing party," the plaintiff must "succeed on any significant issue in litigation which achieves some of the benefit the [plaintiff] sought in bringing suit."  Farrar v. Hobby, 506 U.S. 103, 109 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (internal quotation marks omitted).  By securing a favorable jury verdict on his excessive force and due process claims against Officer Cotter and Suffolk County, respectively, Mr. Houston is a "prevailing party" on those claims.  See, e.g., Tatum v. City of New York, No. 06–cv–4290 (PGG)(GWG), 2010 WL 334975, at *2 (S.D.N.Y. Jan. 28, 2010) (stating that "there is no dispute that Plaintiff is a prevailing party because he won a verdict on his deliberate indifference claim").

---

[4]      It is proper to award attorneys' fees and costs under Section 1988 where, as here, the "prevailing party" is represented by *pro bono* counsel.  See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 184 n.2 (2d Cir. 2007) (confirming that reasonableness of attorneys' fees in no way depends on whether attorneys were "engaged in pro bono work"  (citing Blum v. Stenson, 465 U.S. 886, 894-95 (1984)).

II.   **THE AMOUNT OF ATTORNEYS' FEES SOUGHT ON THE EXCESSIVE FORCE CLAIM IS REASONABLE**

This Court should award attorneys' fees of $7,500 against Officer Cotter.  This amount is more than reasonable because it is the product of hourly rates set by the PLRA and represents a fraction of the hours directly expended to prove that Mr. Houston was subjected to excessive force.  See 42 U.S.C. § 1997e(d)(1)(A) (attorneys' fees may be awarded under the PLRA to the extent that such fees were "directly and reasonably incurred in proving an actual violation of the plaintiff's rights").

A.   **The PLRA Sets The Hourly Rates On The Excessive Force Claim**

The PLRA limits the hourly rates for legal work performed on Mr. Houston's excessive force claim to "150 percent of the hourly rate established under section 3006A of Title 18 [the "Criminal Justice Act" ("CJA")] for payment of court-appointed counsel."  42 U.S.C. § 1997e(d)(3).  Pursuant to the CJA, the Eastern District of New York has set the following rates:

| Time Period | CJA Hourly Rates[5] |
|---|---|
| 1/1/2010 to 8/31/2013 | $125/hour |
| 9/1/2013 to 2/28/2014 | $110/hour |
| 3/1/2014 to 12/31/2014 | $126/hour |
| 1/1/2015 to 12/31/2015 | $127/hour |

Therefore, under the PLRA, Plaintiff's counsel may recover attorneys' fees for work performed on the excessive force claim at an hourly rate of $187.50 per hour for December 22, 2010 to August 31, 2013, $189.00 per hour for March 1, 2014 to December 31, 2014, and $190.50 per hour for January 1, 2015 to July 30, 2015.  See Hou Decl. ¶¶ 9-20, 50-57 (describing work performed on excessive force claim from December 2010 to October 14, 2011 and March 28,

---

[5]   United States District Court, Eastern District of New York, Attorney Hourly Rates, https://img.nyed.uscourts.gov/files/forms/HourlyRates.pdf (last visited Apr. 26, 2016).

2014 to March 9, 2015).  There can be no question that these rates—which are significantly below those typically paid by Plaintiff's counsel's clients—are reasonable.  See Hernandez v. Goord, No. 01-CV-9585 (SHS), 2014 WL 4058662, at *12 (S.D.N.Y. Aug. 14, 2014) (holding that hourly rates calculated at 150 percent of CJA rates were "unquestionably reasonable" for *pro bono* counsel in civil rights action)[6]; see also Hou Decl. ¶ 62.

## B.   The Number Of Hours Expended On The Excessive Force Claim Is Reasonable

Plaintiff's counsel reasonably expended 2,341.51 hours on Mr. Houston's excessive force claim between December 2010, when Cleary Gottlieb was first appointed as counsel in this matter, and March 9, 2015, when the jury found Officer Cotter liable.  During this period, Plaintiff's counsel performed work directly related to proving that Mr. Houston had been subjected to excessive force, including:

- Discovery:  While engaged in discovery, Plaintiff's counsel met with Mr. Houston and potential witnesses; requested documents from Defendants, certain of which they refused to produce, thereby forcing Plaintiff's counsel to move to reopen discovery, which motion this Court granted; reviewed documents; deposed SCCF witnesses; and drafted letter correspondence with Defendants and this Court.

- Trial:  Before trial, Plaintiff's counsel conducted legal research on evidentiary issues; prepared numerous pretrial filings; drafted direct- and cross-examination outlines; and prepared fact witnesses to testify.  Thereafter, Plaintiff's counsel litigated Mr. Houston's excessive force claim through two weeks of trial.

See Hou Decl. ¶¶ 9-20, 50-57.  The hours spent on these and other tasks were reasonable and necessary to develop the facts of the January 11, 2007 assault and present them to the jury.

---

[6]     The PLRA rates apply to work performed by each member of Plaintiff's legal team, regardless of the legal team member's seniority.  See Reynolds v. Goord, No. 98 Civ. 6722 (DLC), 2001 WL 118564, at *2 (S.D.N.Y. Feb. 13, 2001) ("The PLRA does not require that attorneys with different experience levels be compensated at different rates.").

Moreover, Plaintiff's counsel has voluntarily excluded associate, law clerk, summer associate and paralegal time from these hours.[7]  Hou Decl. ¶ 86.[8]

Applying the PLRA rates to the hours spent on Mr. Houston's excessive force claim, the total fees incurred are $440,584.89.  See Hou Decl. Appendix A (showing that $245,062.50 in fees was incurred in connection with this claim in discovery and that $195,522.39 in fees was incurred at trial).  However, under the PLRA, Officer Cotter's liability for attorneys' fees is capped at 150% of the judgment against him.  See Shepherd v. Goord, 662 F.3d 603, 607 (2d Cir. 2011) (under PLRA "no attorney's fee award greater than 150 percent of the monetary judgment may be entered against a defendant" (citing 42 U.S.C. § 1997e(d)(2))).  Therefore, Plaintiff's recovery of attorneys' fees on this claim is limited to $7,500 ($5,000 * 150%).  To put this figure in perspective, $7,500 represents an award of less than 3% of the total hours submitted by Plaintiff's counsel multiplied by the PLRA rates.  There can be no question that such an award would be more than reasonable.  See Hernandez, 2014 WL 4058662, at *10 (holding that attorneys' fee award of 150% of monetary judgment for pro bono counsel in civil rights action is "eminently reasonable").[9]

---

[7]     An attorneys' fee award subject to the PLRA may include law clerk, summer associate, and paralegal hours.  See, e.g., Berrian v. City of New York, No. 13cv1719 (DLC)(DF), 2014 WL 6611356, at * 16 (S.D.N.Y. July 28, 2014) (Freeman, M.J.), adopted in part, No 13cv1719 (DLC), 2014 WL 6604641 (S.D.N.Y. Nov. 21, 2014) (awarding $100 per hour for paralegal time); Hutchinson v. McCabee, No. 95 Civ. 5449 (JFK), 2001 WL 930842, at *7 (S.D.N.Y. Aug. 15, 2001) (awarding $75 per hour for summer associate time).

[8]     This Court need not attempt to sever time spent on the claim against Officer Weiss from time spent on the claim against Officer Cotter, because both claims arise from the same legal theory and a common core set of proven facts, thereby rendering them "inextricably intertwined."  See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748,762 (2d Cir. 1998) (holding no reduction to fee award warranted where jury found municipal defendant liable and individual defendants not liable on claims "based on the same conduct").  Furthermore, any fee award on this claim will already be substantially reduced given the PLRA's limitations on recovery of attorneys' fees.

[9]     To the extent that a portion of Mr. Houston's damages on this claim must be used to satisfy an attorneys' fee award against Officer Cotter, Plaintiff's counsel respectfully requests that this Court exercise its discretion and apply only a nominal amount of those damages, such as one percent.  See Hutchinson, 2001 WL 930842, at *8 n.12 ("[I]t would be well within this Court's discretion to direct that only a nominal amount of Plaintiff's award be applied towards attorney's fees.") (citing 42 U.S.C. § 1997e(d)(2)); see also Hernandez, 2014 WL 4058662, at *13 (exercising discretion to apply five percent of plaintiff's judgment to satisfy attorneys' fee award).

## III.    THE AMOUNT OF ATTORNEYS' FEES SOUGHT ON THE DUE PROCESS CLAIM IS REASONABLE

This Court should award attorneys' fees of $701,099.75 against Suffolk County in connection with Mr. Houston's due process claim.  This figure represents the "lodestar," a presumptively reasonable amount calculated by multiplying reasonable hourly rates by the hours expended on Mr. Houston's due process claim.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." (internal citation and quotation marks omitted)).[10]

### A.    The Hourly Rates Sought On The Due Process Claim Are Reasonable

To calculate attorneys' fees for Mr. Houston's due process claim, Plaintiff's counsel requests that this Court apply an hourly rate of $400 per hour for time spent by Victor L. Hou, the Cleary Gottlieb partner who supervised this matter, $225 per hour for senior and mid-level associates, and $175 per hour for junior associates.  These rates are consistent with local rates previously found to be reasonable in this District, see, e.g., Luca v. Cty. of Nassau, 698 F. Supp. 2d 296, 305 (E.D.N.Y. 2010) (Block, J.) (awarding $400 per hour for partner work in an employment discrimination case and observing that the "prevailing Eastern District range[]" for senior associate work is $200-250 per hour), and are appropriate given "the nature of the litigation [and] the size of the firm" that litigated this matter.  Siracuse v. Program for the Dev. of

---

[10]    As noted above, this Court has previously held that the PLRA does not apply to Mr. Houston's due process claim.  Tr. of Status Conference at 7-9 (Aug. 10, 2012), ECF No. 80 (holding that Mr. Houston "was not incarcerated at the time the Monell claim was brought").

Human Potential, No. 07 CV 2205 (CLP), 2012 WL 1624291, at *30 (E.D.N.Y. Apr. 30, 2012)

(Pollak, M.J.) (considering the "complexity and novelty of this case, as well as the particularly

hard-fought nature of the case and the length of time involved" before awarding $400 per hour

for partner work and $175 per hour for associate work in Family and Medical Leave Act

action).[11]  Moreover, the requested rates reflect voluntary reductions from rates typically paid by

Cleary Gottlieb's clients.  See Hou Decl. ¶ 63.

      The reasonableness of the requested rates is confirmed by the Johnson factors.

See Arbor Hill, 522 F.3d at 190 (explaining that factors from Johnson v. Ga. Highway Express

Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by* Blanchard v.

Bergeron, 489 U.S. 87 (1989)), may be considered in setting reasonable hourly rates for lodestar

calculation)).  The Johnson factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3)
> the level of skill required to perform the legal service properly; (4) the preclusion
> of employment by the attorney due to acceptance of the case; (5) the attorney's
> customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time
> limitations imposed by the client or the circumstances; (8) the amount involved in
> the case and the results obtained; (9) the experience, reputation, and ability of the
> attorneys; (10) the "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client; and (12) awards in similar cases.

Arbor Hill, 522 F.3d at 186 n.3 (citing Johnson, 488 F.2d at 717-19).

      Applying these factors, it is clear that a substantial amount of time, effort, and

skill was required to litigate Mr. Houston's due process claim given the novel and complex

---

[11]    See also Gutman v. Klein, No. 03 Civ. 1570 (BMC), 2009 WL 3296072, at *2 (E.D.N.Y. Oct. 13, 2009)
(Cogan, J.) (stating, in case involving sanctions for spoliation of evidence, that hourly rates of $300 to $400 per hour
for partner work, $200 to $300 per hour for senior associate work, and $100 to $200 per hour for junior associate
work are "within the Eastern District range"), aff'd, 515 F. App'x 8 (2d Cir. 2013); Morgenstern v. Cty. of Nassau,
No. CV 04-58 (ARL), 2009 WL 5103158, at *9 (E.D.N.Y. Dec. 15, 2009) (Lindsay, M.J.) (awarding $400 per hour
for partner work and $200 to $300 per hour for associate work in Section 1983 civil rights action regarding due
process violation); Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp., 215 F.R.D. 60, 65 (E.D.N.Y. 2003)
(awarding $400 per hour for partner work, $280 per hour for senior associate work, and $180 for junior associate
work in case involving sanctions for discovery violations).

issues at stake.  To establish that Mr. Houston had a liberty interest in remaining free from

suicide watch, Plaintiff's counsel adduced testimony from numerous fact and expert witnesses,

including a former prison warden and a statistician, which demonstrated that the conditions Mr.

Houston experienced were atypical and significant, and that the duration of his confinement was

especially long.

   Proving the existence of an unwritten Suffolk County policy, whereby corrections

officers were permitted to place and keep inmates on suicide watch as punishment—including

the power to overrule doctors' removal orders—posed even greater challenges.  To satisfy this

element of municipal liability, Plaintiff's counsel discovered and proffered a plethora of

evidence concerning Suffolk County's deficient practices, training, and supervision, including

expert testimony on industry standards, statistical analysis of suicide watch data showing that

numerous inmates remained on suicide watch against removal orders, and a host of admissions

from SCCF personnel initially obtained in depositions, including from Sgt. Koelbel, Suffolk

County's own Rule 30(b)(6) witness, who admitted that classification officers have complete and

ultimate discretion to decide when inmates are removed from suicide watch.  <u>See</u> Hou Decl.

¶¶ 33-41.

   Linking this policy to Mr. Houston's confinement to suicide watch in January

2007 was especially difficult given Suffolk County's deficient approach to record-keeping.

Suffolk County admittedly failed to produce any documentation regarding Mr. Houston's

maintenance on suicide watch for eight days against mental health professionals' removal orders

because its practice was not to document classification officers' decisions overriding such

removal orders.  <u>See</u> Hou Decl. ¶ 43.  Nevertheless, Plaintiff's counsel proffered a wealth of

evidence, including testimony from fact witnesses and robust statistical analysis, showing that Mr. Houston was kept on suicide watch as punishment pursuant to County policy.

In short, the novelty and complexity of Mr. Houston's due process claim presented a broad range of challenges that required a substantial effort and a high degree of skill to uncover relevant evidence, withstand dispositive motions, and obtain a jury verdict against Suffolk County.

In addition, over the past five years, Plaintiff's counsel has spent a great deal of time developing and maintaining a strong professional relationship with Mr. Houston.  At every stage of the litigation, Plaintiff's counsel was in frequent contact with Mr. Houston, not only to consult with and advise him on strategic litigation decisions, but also to thoroughly prepare him for rigorous questioning—which he faced during his March 2013 deposition and while on the stand at trial for multiple days.  Developing this relationship with Mr. Houston was integral to prosecuting his case.

For each of these reasons, the hourly rates sought by Plaintiff's counsel, which are consistent with those found to be reasonable by courts in this District in Section 1983 cases (and significantly below those typically paid by the firm's clients), are more than reasonable.

**B.    The Number Of Hours Expended On The Due Process Claim Is Reasonable**

Plaintiff's counsel reasonably expended 3,541.76 hours between October 15, 2011, when Plaintiff's counsel considered adding a due process claim against Suffolk County, and July 30, 2015, when this Court heard oral argument on Suffolk County's motion for judgment as a matter of law.  This time was spent on work directly related to proving violations of Mr. Houston's due process rights, including but not limited to work on the following:

- Plaintiff's Amended Complaint:  During this phase, Plaintiff's counsel researched case law regarding prisoners' due process rights and municipal liability and drafted an amended complaint adding a due process claim against Suffolk County.

- Discovery:  During the discovery process, Plaintiff's counsel requested suicide watch data, which Defendants refused to produce, thus necessitating a motion to compel, which this Court granted; deposed SCCF witnesses; prepared Mr. Houston to provide deposition testimony; drafted a memorandum of law in opposition to Suffolk County's motion to dismiss; and assisted in the preparation of two expert reports.

- Motions For Summary Judgment:  During this phase, Plaintiff's counsel drafted an opposition to Suffolk County's motion for summary judgment; drafted a cross-motion for summary judgment and reply in further support of this cross-motion; and participated in oral argument on both motions.

- Trial:  Before trial, Plaintiff's counsel conducted legal research on evidentiary issues; prepared numerous pretrial filings; drafted direct- and cross-examination outlines; and prepared fact and expert witnesses to testify.  Thereafter, Plaintiff's counsel litigated this claim through two weeks of trial.

- Motion For Judgment As A Matter Of Law:  After trial, Plaintiff's counsel drafted a memorandum of law in opposition to Suffolk County's motion for judgment as a matter of law and participated in oral argument before this Court.

See Hou Decl. ¶¶ 21-60.  The hours spent on these and other tasks were reasonable and necessary given the novelty and complexity of Mr. Houston's due process claim and the amount of work required to litigate it from the complaint through post-trial phases.[12]  In addition, Plaintiff's counsel has voluntarily excluded associate, law clerk, summer associate, and paralegal

---

[12]      During the trial phase of this matter, from March 28, 2014 to March 9, 2015, Plaintiff's counsel worked on both the excessive force and due process claims.  Plaintiff's counsel therefore apportioned one half of the hours incurred during this phase to the due process claim.  See Hou Decl. Appendix A.

time from these hours.[13]  See Hou Decl. ¶ 86.  Accordingly, this Court should award reasonable attorneys' fees against Suffolk County in the amount of $701,099.75.[14]

### C.     No Downward Adjustment Is Warranted

No downward adjustment to the requested fee award against Suffolk County based on the degree of success factor is warranted.  See NAACP v. Town of East Haven, 259 F.3d 113, 117 (2d Cir. 2001) ("'The most critical factor in determining the reasonableness of a fee award 'is the degree of success obtained.'"  (quoting Farrar, 506 U.S. at 114)); G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist., 894 F. Supp. 2d 415, 426 (S.D.N.Y. 2012) (holding that no reduction to fee award was warranted under fee-shifting statute because plaintiffs "obtained excellent results") (internal citation and quotation marks omitted).  Here, this factor weighs heavily in favor of Mr. Houston given the exceptional results obtained at trial in a novel and complex area of the law.  Moreover, no further reduction is necessary given the substantial voluntary reductions already taken.[15]

## IV.    THE AMOUNT OF COSTS SOUGHT IS REASONABLE

This Court should also award reasonable costs against Officer Cotter in the amount of $81,781.93, and reasonable costs against Suffolk County in the amount of

---

[13]     Courts in the Eastern District of New York routinely award attorneys' fees for law clerk, summer associate, and paralegal time when conducting lodestar analyses.  See, e.g., Gutman, 2009 WL 3296072, at *7  (awarding $75 per hour for law student time); Luca, 698 F. Supp. 2d at 307 (awarding $100 per hour for law clerk time); see also Larsen v. JBC Legal Group, P.C., 588 F. Supp. 2d 360, 364 (E.D.N.Y. 2008) (Boyle, M.J.) ("Approved hourly rates for summer associates and student interns in both the Eastern and Southern districts range from $70 to $90.").

[14]     Plaintiff's counsel also respectfully requests post-judgment interest on the requested attorneys' fees pursuant to 28 U.S.C. § 1961(a), under which post-judgment interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield."  28 U.S.C. § 1961(a); Luca, 698 F. Supp. 2d at 307 (awarding post-judgment interest on attorneys' fees); Morgenstern, 2009 WL 5103158, at *12 (awarding post-judgment interest).

[15]     Notably, the Second Circuit has also "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation."  Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005); see also Millea, 658 F.3d at 169 (vacating fee award calculated "as a proportion of the damages awarded").

$205,767.67.  It is well established that a prevailing party's counsel is entitled to recover costs that are ordinarily charged to clients.  See LeBlanc–Sternberg, 143 F.3d at 763 ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  (quoting United States Football League v. Nat'l Football League, 887 F.2d 408, 416 (2d Cir. 1989)).[16]

      The amounts sought against Officer Cotter and Suffolk County correspond to expenses directly incurred while litigating Mr. Houston's excessive force and due process claims, including scanning, copying, faxing, delivery, postage, research, deposition transcription, and travel expenses.  See Hou Decl. ¶¶ 90-93, Appendix B.[17]  These costs were necessary to litigate Mr. Houston's claims and are not considered general overhead.  See Hou Decl. ¶ 89.[18]

## CONCLUSION

      For the reasons set forth above, Plaintiff respectfully requests that this Court award attorneys' fees and costs against Officer Cotter in the amount of $89,281.93, and attorneys' fees and costs against Suffolk County in the amount of $906,867.42.

---

[16]    See also Morgenstern, 2009 WL 5103158, at **11-12 (awarding costs for "filing fees, process servers, subpoena/witness fees, transcripts, printing and photocopying, messenger services, and postage" as well as for "travel, hotel, and meal expenses"); Reynolds, 2001 WL 118564, at **3-5 (awarding costs for copies, computer research, transcript and expert fees, car expenses, and meal expenses); Hutchinson v. McCabe, No. 95 Civ. 5449 (JFK), 2001 WL 930842, *5 (S.D.N.Y. Aug. 15, 2001) (noting that the Second Circuit has not defined an exhaustive list of recoverable costs, but rather "has held that reasonable, identifiable out-of-pocket disbursements, which are ordinarily charged to clients, are recoverable"); Kappenberger v. Oates, 663 F. Supp. 991, 994 (S.D.N.Y. 1987) (awarding costs for private investigator expenses to prevailing party under § 1988).

[17]    Plaintiff's counsel incurred costs on both claims at trial.  See Hou Decl. Appendix B.  As a result, Plaintiff's counsel has apportioned one half of those costs to the excessive force claim and the other half to the due process claim.

[18]    Plaintiff's counsel also respectfully requests interest on the costs sought against Officer Cotter and Suffolk County.  See Tatum v. City of New York, 2010 WL 334975, at *14 (awarding "interest on the costs award" in Section 1983 action).

Dated:  New York, New York
       April 26, 2016

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: */s/ Victor L. Hou*                      

    Victor L. Hou
    Christopher P. DeNicola
    Diarra M. Guthrie

    One Liberty Plaza
    New York, New York 10006
    T: (212) 225-2000
    F: (212) 225-3999

    *Attorneys for Plaintiff*