UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ROBERT HOUSTON,　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiff,　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　- against -　　　　　　　　　　　　　　　　　　　　: 　　07 CV 03256 (JFB) (AYS)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
THOMAS COTTER, JOHN WEISS, and　　　　　　　　　　:
THE COUNTY OF SUFFOLK,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants.　　　　　　　　　　　　　　　　　　:
---------------------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS


CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

I. THE AMOUNT OF ATTORNEYS' FEES SOUGHT IS REASONABLE ......................2

    A. NO FEE REDUCTION IS WARRANTED GIVEN THE HIGH DEGREE OF SUCCESS OBTAINED ................................................................2

        1. Plaintiff's Success Was Neither "Purely Technical" Nor *De Minimis* In Nature ................................................................................2

        2. Prior Settlement Discussions Should Not Be Considered In Assessing The Degree of Success Obtained ...............................................5

    B. NO FEE REDUCTION IS OTHERWISE WARRANTED GIVEN THE REASONABLENESS OF THE HOURS EXPENDED .........................................5

        1. Plaintiff's Time Entries Are Sufficiently Detailed ...................................6

        2. Plaintiff's Case Was Appropriately Staffed..............................................7

        3. No Duplicative Work Was Performed.......................................................8

II. THE AMOUNT OF COSTS SOUGHT IS REASONABLE ............................................9

CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Rules and Statutes**

Fed. R. Evid. 408 .................................................................................................... 5

**Cases**

Barfield v. N.Y.C. Health and Hosps. Corp.,
537 F.3d 132 (2d Cir. 2008) ..................................................................................... 2, 4

Berrian v. City of New York,
No. 13cv1719 (DLC) (DF), 2014 WL 6611356 (S.D.N.Y. July 28, 2014) ....................... 6, 8

Carroll v. Blinken,
105 F.3d 79 (2d Cir. 1997) ........................................................................................ 3, 4

City of Riverside v. Rivera,
477 U.S. 561 (1986) ................................................................................................. 4

Farrar v. Hobby,
506 U.S. 103 (1992) ................................................................................................. 2, 3

Field Day v. Cty. of Suffolk,
No. CV 04-2202 (DRH)(ETB), 2010 WL 5491025, at *8-9 (E.D.N.Y. Sept. 9, 2010) ... 10

Green v. Torres,
361 F.3d 96 (2d Cir. 2004) ........................................................................................ 3

Hernandez v. Goord,
No. 01-Cv-9585 (SHS), 2014 WL 4058662 (S.D.N.Y. Aug. 14, 2014) ......................... 10

Hines v. City of Albany,
613 Fed. App'x 52 (2d Cir. 2015) ............................................................................... 4

Hutchinson v. McCabee,
No. 95 CIV. 5449 (JFK), 2001 WL 930842 (S.D.N.Y. Aug. 15, 2001) ......................... 8

LeBlanc-Sternberg v. Fletcher,
143 F.3d 748 (2d Cir. 1998) ...................................................................................... 2, 3

|  | **Page(s)** |
|---|---|
| Meriwether v. Coughlin,<br>727 F. Supp. 823 (S.D.N.Y. 1989) | 7, 8 |
| Millea v. Metro-N. R.R. Co.,<br>658 F.3d 154 (2d Cir. 2011) | 1, 4 |
| Morgenstern v. Cty. of Nassau,<br>No. CV 04-58 (ARL), 2009 WL 5103158 (E.D.N.Y. Dec. 15, 2009) | 3 |
| N.Y. State Ass'n for Retarded Children, Inc. v. Carey,<br>711 F.2d 1136 (2d Cir. 1983) | 8 |
| NAACP v. Town of East Haven,<br>259 F.3d 113 (2d Cir. 2001) | 5 |
| Ortiz v. Regan,<br>980 F.2d 138 (2d Cir. 1992) | 5 |
| Pappas v. Watson Wyatt & Co.,<br>No. 3:04CV304 (EBB), 2008 WL 45385 (D. Conn. Jan. 2, 2008) | 5, 8 |
| Pino v. Locascio,<br>101 F.3d 235 (2d Cir. 1996) | 4 |
| Reynolds v. Goord,<br>No. 98 Civ. 6722 (DLC), 2001 WL 118564, at *3-5 (S.D.N.Y. Feb. 13, 2001) | 9 |
| Rozell v. Ross-Holst,<br>576 F. Supp. 2d 527 (S.D.N.Y. 2008) | 5, 8 |
| Siracuse v. Program for the Dev. of Human Potential,<br>No. 07 CV 2205 CLP, 2012 WL 1624291 (E.D.N.Y. Apr. 30, 2012) | 5 |
| Tatum v. City of New York,<br>No. 06 CV 4290 (PGG) (GWG), 2010 WL 334975 (S.D.N.Y. Jan. 28, 2010) | 7 |
| Tokyo Electron. Ariz., Inc. v. Discreet Indus. Corp.,<br>215 F.R.D. 60 (E.D.N.Y. 2003) | 7 |
| Toussie v. Cty. of Suffolk,<br>2012 WL 3860760 (E.D.N.Y. Sept. 6, 2012) | 4 |

Plaintiff Robert Lee Houston, by his attorneys, submits this Reply Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees and Costs.

## PRELIMINARY STATEMENT

Over the past five years, Mr. Houston and his counsel have worked closely together to establish that Mr. Houston's constitutional rights were violated. Following an eight-day trial, these diligent and sustained efforts culminated in a jury verdict that vindicated Mr. Houston's constitutional rights and awarded him compensatory and punitive damages against Officer Cotter on his excessive force claim, as well as compensatory damages against Suffolk County on his due process claim for its previously unchallenged policy and practice of using suicide watch as a form of punishment. This result is precisely the purpose of fee-shifting statutes like 42 U.S.C. § 1988, to "*generate attorneys' fees that are disproportionate to the plaintiff's recovery*," which ensures that plaintiffs whose civil rights have been violated "can attract competent counsel" to right those wrongs. Millea v. Metro-N. R.R. Co., 658 F.3d 154, 169 (2d Cir. 2011) (emphasis added).

Notwithstanding these incontrovertible facts, Defendants reach the confounding conclusion that Plaintiff's counsel is entitled, at most, to approximately 7% of the attorneys' fees requested on Plaintiff's successful due process claim and a "severely limited" amount of the costs that Plaintiff's counsel actually incurred.[1] Neither the facts nor the law support Defendants' contentions, and Plaintiff therefore respectfully requests the full amount of attorneys' fees and costs sought on this motion.

---

[1] Notably, Defendants concede that the requested fee award on Plaintiff's excessive force claim is reasonable, see Defs.' Opp. Br. at 20, and likewise do not challenge the reasonableness of the requested hourly rates, see Defs.' Opp. Br. at 21, an award including post-judgment interest on the requested attorneys' fees, see Pl.'s Br. at 17 n.14, an award including interest on the requested costs, see Pl.'s Br. at 18 n.18, or the application of a nominal amount of Mr. Houston's damages award to satisfy an attorneys' fee award against Officer Cotter, see Pl.'s Br. at 11 n.9.

**ARGUMENT**

I. **THE AMOUNT OF ATTORNEYS' FEES SOUGHT IS REASONABLE**

Defendants cannot and do not dispute that Plaintiff is a "prevailing party" in this litigation. See Defs.' Opp. Br. at 7. Nevertheless, they assert that Plaintiff is entitled to substantially reduced attorneys' fees on his due process claim for two reasons. First, Defendants argue that Plaintiff achieved only an "infinitesimal" level of success. See Defs.' Opp. Br. at 1, 7-14. Second, they erroneously contend that Plaintiff's counsel's time entries are vague and reflect duplicative hours and overstaffing. Each of these arguments is meritless.

A. **NO FEE REDUCTION IS WARRANTED GIVEN THE HIGH DEGREE OF SUCCESS OBTAINED**

1. **Plaintiff's Success Was Neither "Purely Technical" Nor *De Minimis* In Nature**

"[T]he most critical factor in determining a fee award's reasonableness is the degree of success obtained." Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). In making this determination, a court must consider "the quantity and quality of relief obtained[] as compared to what the plaintiff sought to achieve as evidenced in [the operative] complaint" and trial record. Barfield v. N.Y.C. Health and Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008).[2]

Mr. Houston's Amended Complaint and the trial record reflect that his primary objective in this action was not to seek any particular damages amounts from the jury and this Court,[3] but to establish the following: (1) constitutional violations by Officers Cotter and Weiss

---

[2] See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 761 (2d Cir. 1998) (finding abuse of discretion where district court failed to assess relief sought based on the operative complaint and "any part of the trial record indicating that plaintiffs asked the jury for any given sum of money").

[3] See Am. Compl. at 16 (seeking compensatory and punitive damages, "*the precise amount to be supplied to the Court upon a trial on the merits*") (emphasis added); see also Trial Tr. 1266:25-1267:6 (Summation) (stating that with respect to "damages in this case," "you can give [Mr. Houston] *as little or as much as you think is necessary* to make the defendants acknowledge what they did") (emphasis added); Trial Tr. 1326:21-1327:4 (Rebuttal

2

for the use of excessive force on January 11, 2007, (2) a constitutional violation by Suffolk County for placing and keeping Mr. Houston on suicide watch from January 11, 2007 through January 24, 2007, and (3) that Mr. Houston's due process claim was timely. By securing a favorable jury verdict,[4] Mr. Houston achieved substantial success with respect to the primary legal issues he pursued in this litigation.[5]

Nonetheless, Defendants rely on Farrar v. Hobby and its progeny to argue that Plaintiff's victory was "purely technical" and "*de minimis*." See Defs.' Opp. Br. at 6-14. Such reliance is misplaced, as that case law addresses the wholly inapposite question of whether a prevailing party should receive "low fees or no fees" at all because that party recovered only nominal damages or failed to obtain meaningful relief. See Farrar v. Hobby, 506 U.S. 103, 114-15 (1992) ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at

---

Summation) ("You have th[e] power to answer the question that Mr. Houston posed to anyone who would listen in January and February 2007 after he suffered the treatment that he got from these defendants and the County. He wasn't asking for money. You don't write to the commissions, the superintendent, to a social worker and ask for money. He asked for help. His question was simple: Do I not deserve to be free from fear? And the answer was yes. An unqualified yes.").

[4] See Jury Verdict at 1-2 (Mar. 9, 2015), ECF No. 165.

[5] Furthermore, with respect to the unsuccessful claim against Officer Weiss, no reduction to the fee award on Plaintiff's excessive force claim is warranted because this claim arose from the same legal theory as the claim against Officer Cotter and involved a common core set of proven facts, see LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 762 (2d Cir. 1998) (no reduction warranted where jury found municipal defendant liable and individual defendants not liable on claims "based on the same conduct" and "common core of facts"), and in any event, Defendants already conceded that the requested fee award was reasonable.

Likewise, where, as here, certain "claims [are] pursued in good faith, but [are] later withdrawn for valid reasons, such as the discovery of additional evidence," Green v. Torres, 361 F.3d 96, 100 (2d Cir. 2004), no reduction to a fee award is warranted based on the claims brought against Officers Gubitosi, Reynolds, and Thomas in Plaintiff's July 2007 *pro se* complaint. See, e.g., Morgenstern v. Cty. of Nassau, No. CV 04-58 (ARL), 2009 WL 5103158, at *10 (E.D.N.Y. Dec. 15, 2009) (holding that no reduction for work performed on voluntarily dismissed claims was necessary because such work contributed to the "ultimate success of the lawsuit"). After this Court appointed Plaintiff's counsel in December 2010, Mr. Houston and Plaintiff's counsel, on a good faith basis, sought and reviewed discovery and conducted depositions related to the *pro se* claims against Officers Reynolds, Gubitosi and Thomas, and after assessing all of the evidence, voluntarily withdrew the claims against these officers in the Amended Complaint filed on December 16, 2011. See Declaration of Victor L. Hou in Support of Plaintiff's Motion for Attorneys' Fees and Costs ¶¶ 9-26, No. 07-CV-3256 (JFB) (E.D.N.Y. Apr. 26, 2016), ECF No. 183 ("Hou Decl.").

all.") (internal citations omitted); Carroll v. Blinken, 105 F.3d 79, 81 (2d. Cir. 1997) (stating that, pursuant to Farrar and Second Circuit precedent, "no attorney's fees [are] appropriate where the plaintiff recovered only nominal damages and received no other meaningful relief").[6]

Here, Mr. Houston recovered a non-nominal amount of compensatory and punitive damages and established liability against Officer Cotter and Suffolk County, which firmly establishes his high degree of success. See, e.g., City of Riverside v. Rivera, 477 U.S. 561, 579-81 (1986) (indicating that prevailing party achieved "excellent results" by recovering $33,350 in damages for constitutional violations against a municipality and five individual officers, despite grant of summary judgment in favor of seventeen individual officers and jury verdict in favor of one individual officer); see also Hines v. City of Albany, 613 F. App'x 52, 54 (2d Cir. 2015) (stating that "[w]e are unpersuaded by Defendants' attempts to characterize the $10,000 settlement in this case as meager" and that "the success here was hardly technical").[7] Likewise, it bears noting that, if the law so permitted, Mr. Houston's recovery against Suffolk County may well have been higher, as the jury expressly asked this Court whether it could "assess punitive damages on Suffolk County." See Trial Tr. 1392:10-13; see also Trial Tr. 1394:23-1395:1 ("In response to that question, I instruct you . . . [that] no punitive damages can be awarded against Suffolk County . . .").

---

[6] See also Barfield, 537 F.3d at 152 (reducing fee award given plaintiff's failure to achieve her "primary aim in this litigation, as reflected in her complaint and in the first four months of litigation," which "was to certify a[n] [FLSA] collective action"); Carroll, 105 F.3d at 81 (affirming substantially reduced fee award where plaintiffs obtained "no damage award" and "failed on their far more significant claim"); Pino v. Locascio, 101 F.3d 235, 238-39 (2d Cir. 1996) (stating that, pursuant to Farrar, where plaintiff "asked for $21 million and got only $1.00" at trial, no "attorney's fees would be justified"); Toussie v. Cty. of Suffolk, Nos. 01-CV-6716 (JS)(ARL), 05-CV-1814 (JS)(ARL), 2012 WL 3860760, at *11, *29-30 (E.D.N.Y. Sept. 6, 2012) (awarding no attorneys' fees where plaintiff requested $35.8 million at trial and was awarded only $12,500 by a jury).

[7] To the extent that Defendants suggest that a fee award must be proportionate to a prevailing party's recovery, such a suggestion is equally baseless and runs contrary to Congress's intent in enacting the fee-shifting provisions of 42 U.S.C. § 1988. See City of Riverside, 477 U.S. at 575 ("Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief."); Millea, 658 F.3d at 169.

### 2. Prior Settlement Discussions Should Not Be Considered In Assessing The Degree of Success Obtained

Defendants also contend that Mr. Houston obtained limited success because the Plaintiff made prior settlement offers in amounts that were higher than the jury's ultimate damages award. See Defs.' Opp. Br. at 1, 6, 7, 13, 22.[8] However, Defendants cite no case law suggesting that prior settlement offers reflect the relief sought by a prevailing party or can constitute a basis for reducing an attorneys' fee award. See, e.g., Opp. Br. at 1, 6. In fact, the case law supports a contrary finding. See, e.g., Rozell v. Ross-Holst, 576 F. Supp.2d 527, 543 (S.D.N.Y. 2008) ("[T]he parties' positions during settlement should have *no bearing* on the Court's assessment of the degree of success or any other element of the fee award that the plaintiff may be entitled to.") (emphasis added).[9]

### B. NO FEE REDUCTION IS OTHERWISE WARRANTED GIVEN THE REASONABLENESS OF THE HOURS EXPENDED

Plaintiff's counsel expended thousands of hours and considerable resources investigating the facts of Mr. Houston's case, developing and asserting an additional constitutional claim against Suffolk County, reopening discovery twice, overcoming multiple

---

[8] In any event, Plaintiff's prior settlement offers are inadmissible under Rule 408 of the Federal Rules of Evidence ("FRE 408"), see Fed. R. Evid. 408(a), and Defendants have not established that any of the limited exceptions to FRE 408 apply here. See Fed. R. Evid. 408(b); Siracuse v. Program for the Dev. of Human Potential, No. 07 CV 2205 (CLP), 2012 WL 1624291, at *22 (E.D.N.Y. Apr. 30, 2012) (stating that "defendant's reference to the settlement discussions and amounts offered is inappropriate" because "challenging an attorney's fee request" does not "appear[] on the short list of permissible purposes within Rule 408").

[9] See, e.g., Ortiz v. Regan, 980 F.2d 138, 140 (2d Cir. 1992) ("A district court should not rely on informal negotiations and hindsight to assess degree of success whether . . . attorney's fees should be awarded."); Siracuse, 2012 WL 1624291, at *22 (stating that plaintiff "was successful at trial, and it would be improper for the Court to reduce her attorney's fee award based on a consideration of her settlement demands"); Pappas v. Watson Wyatt & Co., No. 3:04CV304 (EBB), 2008 WL 45385 (D. Conn. Jan. 2, 2008) ("It would be improper for the Court to consider the Plaintiff's settlement demands as evidence of her limited success at trial.").

In addition, to the extent that Defendants suggest that a fee reduction is warranted due to Plaintiff's rejection of the $5,000 settlement offer they made on October 5, 2012, see Defs.' Opp. Br. at 5, such an argument has no merit, as Plaintiff was awarded six times more than Defendants' $5,000 settlement offer. See, e.g., NAACP v. Town of East Haven, 259 F.3d 113 (2d Cir. 2001) ("[I]t is a mistake of law to reduce an award of attorneys' fees in a civil rights case in response to a plaintiff's rejection of a defendant's settlement offer when the subsequent judgment exceeds that offer." (quoting and citing Coutin v. Young & Rubicam P.R., 124 F.3d 331, 341 (1st Cir. 1997))).

5

dispositive motions, and developing expert reports and expert testimony.[10] And, acting in good faith, Plaintiff voluntarily submitted a reduced set of billing records in connection with this motion that excluded otherwise recoverable attorneys' fees.[11] Nevertheless, Defendants contend that this Court should apply a substantial percentage reduction to the requested attorneys' fees associated with Plaintiff's due process claim, arguing that Plaintiff's counsel's time entries are vague, that there was duplication of work, and that the case was overstaffed. Each of these arguments fail, as the level of specificity reflected in Plaintiff's counsel's time records is more than adequate to establish the nature of the work performed and the lack of duplicative work, and courts have consistently upheld the practice of distributing work among attorneys assigned to a case.

### 1. Plaintiff's Time Entries Are Sufficiently Detailed

Defendants' conclusory arguments do not establish that Plaintiff's counsel's records are vague, and the records themselves, together with the applicable law, support a contrary finding.

First, Defendants appear to suggest that it was unreasonable for Plaintiff's counsel to communicate internally with one another, see Defs.' Opp. Br. at 22-23, but courts recognize that, "it is not . . . unreasonable for counsel to spend time conferring with one another on a case," and any such interactions between and among Plaintiff's counsel reflect time spent conferring and discussing the case. Berrian v. City of New York, No. 13cv1719 (DLC) (DF), 2014 WL 6611356, at *10, *11 (S.D.N.Y. July 28, 2014) (rejecting challenge to time spent conferring among attorneys).

---

[10]  See Hou Decl. ¶¶ 5-61.
[11]  See Hou Decl. ¶ 86.

6

Second, Defendants contend that Plaintiff's counsel's time entries reflect "interactions between attorneys with no other explanation,"[12] but the pages of time records identified by Defendants are in fact sufficiently clear. See, e.g., Hou Decl., Exhibit B at 33, (including time entries with descriptions such as "correspond with team re: finalizing draft amended complaint," "email with team regarding outstanding discovery," "correspond with team regarding contacting potential witnesses," and "meet with team re: motion to dismiss and other issues").

Third, to the extent that Defendants otherwise call Plaintiff's counsel's time entries "vague" without any further detail or discussion, such arguments resoundingly fail. See Tatum v. City of New York, No. 06-cv-2490 (PGG)(GWG), 2010 WL 334975, at *7 (S.D.N.Y. Jan 28, 2010) ("[A] defendant's complaint about lack of specificity in the work summaries, does not, in itself, justify . . . a reduction in compensable time.").

### 2. Plaintiff's Case Was Appropriately Staffed

Defendants also argue, in a conclusory manner, that Plaintiff's case was "clearly overstaffed" and "[n]o less than ten attorneys were assigned at one time or another." Defs.' Opp. Br. at 2. As an initial matter, the fact that multiple attorneys worked on this matter over the past five years establishes nothing, as it simply reflects the reality that attorneys at large law firms

---

[12] It also bears noting that "the Supreme Court has held that counsel is not required to record each moment's work in detail, but should identify the general subject matter of the time expended," Tokyo Electron Ariz., Inc. v. Discreet Indus. Corp., 215 F.R.D. 60, 62 (E.D.N.Y. 2003), which Plaintiff's counsel's time entries reflect. Moreover, when these time entries are "viewed in [the] context" of surrounding, related time entries and Plaintiff's counsel's detailed, sworn declaration describing the work performed during each phase of the litigation, see Hou Decl. ¶¶ 9-61, it becomes all the more apparent that the time entries are "sufficiently concrete" to "permit the court to make a judgment about the reasonableness of the total hours claimed." See Tatum v. City of New York, No. 06-cv-2490 (PGG)(GWG), 2010 WL 334975, at *7 (S.D.N.Y. Jan 28, 2010) (indicating that time entries with descriptions such as "case preparation" or "meeting" have been found to be "sufficiently concrete when viewed in context" of other entries and upon consideration by the court of its own "knowledge of the case and the demands that the issues posed by the case placed on the attorneys"); Meriwether v. Coughlin, 727 F. Supp. 823, 827 (S.D.N.Y. 1989) ("[I]n many instances the context of [allegedly] vague entries is made clearer by entries following it.").

7

typically do not stay at the same firm for their entire careers. Furthermore, Plaintiff is not seeking attorneys' fees for a number of attorneys, law clerks, summer associates, and paralegals who spent substantial time assisting with Plaintiff's case, see Hou Decl. at ¶ 6, and by doing so, Plaintiff foregoes a considerable amount of otherwise compensable remuneration. See, e.g., Rozell, 576 F. Supp. 2d 527, 534, 543 (awarding attorneys' fees for six attorneys, six law clerks and fifteen paralegals and support staff); Pappas, 2008 WL 45385, at *8 (awarding attorneys' fees for five attorneys, law clerks and paralegals). Here, Plaintiff has only requested attorneys' fees for the work of four attorneys during each phase of the litigation, see Hou Decl. at ¶ 6, and courts have held that the "use of multiple attorneys [on a case] is not unreasonable." Berrian, 2014 WL 6611356, at *11 (holding that awarding fees for four attorneys was reasonable).[13] In addition, where, as here, a considerable amount of work is performed by relatively junior attorneys, courts have "generally approved" such a "cost efficient" staffing approach. Id.

### 3.  No Duplicative Work Was Performed

Lastly, Defendants point to examples of so-called "redundant" or "repetitive" entries, arguing that these examples show that "work that has been previously billed for a certain task is performed again by the same or a different associate." Declaration of Brian C. Mitchell ¶ 28, No. 07-CV-3256 (JFB) (E.D.N.Y. June 24, 2016), ECF No. 187 ("Mitchell Decl."); Defs.' Opp. Br. at 22. However, upon closer inspection of Plaintiff's counsel's time entries, Defendants' arguments fall short. For example, certain time entries identified by Defendants reflect that several attorneys reviewed this Court's rules during different phases of the case and

---

[13]  See also N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983) (indicating that "prevailing parties are not barred as a matter of law from receiving fees for sending a second attorney to depositions or an extra lawyer into court to observe and assist"); Hutchinson v. McCabee, No. 95 CIV. 5449 (JFK), 2001 WL 930842, at *3 (S.D.N.Y. Aug. 15, 2001) (declining to reduce attorneys' fees where multiple attorneys had discrete roles at trial); Meriwether, 727 F. Supp. at 827-28 (S.D.N.Y. 1989) ("The practice of dividing work among various attorneys in a complex and lengthy case is a common practice. That all attorneys would need to familiarize themselves with all the aspects of the case . . . is understandable and often a necessity.")

8

for different purposes, which is reasonable and not indicative of duplicative work. See Mitchell Decl. ¶ 28. In other such entries, it is readily apparent that an attorney worked on a "chronology" over the course of approximately one week, and billed for the project each day, which demonstrates that these hours were spent on an ongoing project, rather than on duplicative work. See id. Plaintiff's counsel's time entries are not, as Defendants contend, duplicative, repetitive, or redundant.

## II. THE AMOUNT OF COSTS SOUGHT IS REASONABLE

Tellingly, Defendants cite no case law supporting their position that—with respect to each charge incurred over for the past five years— Plaintiff must describe and explain "what [was] being copied," "why the copies [were] necessary," the "necessity" of sending mail via one means or another, and why each particular document needed to be scanned. Defs.' Opp. Br. at 24. Furthermore, while Defendants assert similar, conclusory arguments in relation to research charges, the research performed by Plaintiff's counsel was necessary at each stage of the litigation, including to address the novel and complex legal issues involved in this case in connection with various dispositive motions and trial. See Hou Decl. ¶¶ 9-61.[14] As such, Defendants' arguments—that this Court should reduce the requested costs on the excessive force claim by 80 percent"[15] and "severely reduce[]" the requested costs on the due process claim—are wholly without merit.

It is well established that a prevailing party is entitled to recover the categories of costs sought against Officer Cotter and Suffolk County, see Pl.'s Br. at 18 & n.16, and the "sworn . . . declaration[s] [submitted] under penalty of perjury" by Plaintiff's counsel affirm that

---

[14] See, e.g., Reynolds v. Goord, No. 98 Civ. 6722 (DLC), 2001 WL 118564, at *3-5 (S.D.N.Y. Feb. 13, 2001) (awarding costs for computer research).

[15] To the extent that Defendants' reduction argument is based on the withdrawal of claims against Officers Reynolds, Thomas and Gubitosi and Plaintiff's claim against Officer Weiss, see Defs.' Opp. Br. at 24, this argument is without merit. See supra note 5.

9

"certain amounts were expended on particular costs," Field Day v. Cty. of Suffolk, No. CV 04-2202 (DRH)(ETB), 2010 WL 5491025, at *8-9 (E.D.N.Y. Sept. 9, 2010) (awarding costs based on "breakdown of costs" in declaration, which listed the date incurred, description and amount of each charge),[16] which is sufficient to justify an award of the full amount of Plaintiff's requested costs.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court award attorneys' fees and costs against Officer Cotter in the amount of $89,281.93 and attorneys' fees and costs against Suffolk County in the amount of $883,726.77.[17]

Dated: New York, New York
July 22, 2016

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Victor L. Hou
    Victor L. Hou
    Diarra M. Guthrie

    One Liberty Plaza
    New York, New York 10006
    T: (212) 225-2000
    F: (212) 225-3999
    *Attorneys for Plaintiff*

---

[16]   See also Hernandez v. Goord, No. 01-Cv-9585 (SHS), 2014 WL 4058662, at *14-16 (S.D.N.Y. Aug. 14, 2014) (awarding costs to plaintiff in section 1983 action supported by list of costs and declaration).

[17]   As set forth in the Supplemental Declaration of Victor L. Hou in Support of Plaintiff's Motion for Attorneys' Fees and Costs, dated July 22, 2016, Plaintiff has agreed to reduce the requested attorneys' fees on his due process claim based on a fifty percent reduction of any time entry reflecting travel time. See Hou Suppl. Decl., at ¶¶ 3-5.

10